M'LENACHAN and Wife, Administrators of BUCHER, *against* The COMMONWEALTH, for the use of BUCHER.

### IN ERROR.

The confirmation of an administration account, like any other decree of the Orphans' Court, cannot be re-examined but by way of review.

But the parties may so modify the balance as to render it necessary to unravel the account, to give effect to their agreement.

A release by the persons beneficially interested to one administrator, of every thing but certain parts of the estate in the hands of the other administrator, which are specially excepted, is valid, and is to be carried into effect according to the intention of the parties; and it is competent to the parties interested, to give extrinsic evidence in relation to the parts excepted, notwithstanding the confirmation of the administration account.

WRIT of error to the District Court for the city and county of *Lancaster*, on which the record was returned, accompanied by several bills of exceptions, tendered by the defendants below, who were plaintiffs in error.

From the record it appeared, that at *June* Term, 1824, a judgment was obtained in the name of the Commonwealth against *James M'Lenachan* and *Ann*, his wife, administrators of *Martin Bucher*, deceased, on their administration bond. On this judgment a *Scire Facias* issued for the use of *Martin Bucher*, the plaintiff, to recover his distributive share of the estate of *Martin Bucher*, the intestate. At the same time, similar writs issued for the use of *Mary* and *Christian Bucher*, who sued by their guardians, and of *William Ralston*, administrator of *Elizabeth Bucher*, deceased.

When the cause was called up for trial, and before the jury was sworn, the defendants moved to amend their pleadings, by adding the plea of a release, which was drawn up at large, and filed. The plaintiff objected to the plea being received, but the court overruled the objection. To this plea the plaintiff replied, that there was no release which released the plaintiff's cause of action in this suit; and further, that the supposed release was obtained by fraud, misrepresentation, and undue influence.

On the trial, the plaintiff offered to prove what articles of personal property, belonging to the intestate, had come into the hands of Mrs. *M'Lenachan*. The defendants objected to the evidence, and in support of their objection, produced the administration account of *John Good* and *Ann Bucher*, (now *Ann M'Lenachan*,) administrators of *Martin Bucher*, deceased, passed in the Orphans' Court on the 31st of *May*, 1819. But the court admitted the evidence offered by the plaintiff, and, at the request of the defendants' counsel, sealed a bill of exceptions.

(M'Lenachan and Wife, Administrators of Bucher, *v.* The Commonwealth, for the use of Bucher.)

The plaintiff having given the evidence stated above, the defendants gave in evidence a release, bearing date the 19th of *September*, 1825, from *Martin Bucher* (the plaintiff,) and others, to *John Good*, in which they acknowledged to have respectively received from him, as acting administrator of the estate of *Martin Bucher,* deceased, the several sums of money therein specified, in full of their several and respective shares of the estate of the intestate, "Agreeably to the supplementary account of the said *John Good,* as acting administrator of the said intestate's estate, this day filed of record in the office of the register of wills, &c., in and for the said county of *Lancaster,* and advertised for presentation to the Orphans' Court of the said county, on the third Monday in *December* next, and all claims and demands of what nature or kind soever, the same may be by us, or either of us, against him, the said *John Good,* for, or on account of the estate, real and personal, or the proceeds of the estate, real and personal, of the said *Martin Bucher,* deceased, or any part thereof, *save, and excepting, and always reserving our several and respective parts, shares, and proportions of the amount of rents due by James M'Lenachan, and Ann, his wife, late Ann Bucher, widow and relict of the said Martin Bucher, deceased, for a certain farm in Dunmore township aforesaid, late part of the real estate of the said intestate, and purchased by him at public sale from the administrators of the said decedent's estate. Also, excepting and reserving our respective shares in the amount of a distillery, purchased by the said James M'Lenachan, and Ann, his wife, or one of them, or kept by her at the appraised value, the amount of which is credited in the former account settled on the said decedent's estate: and also, excepting and reserving our distributive shares in the balance of the purchase money of said farm, purchased by the said James M'Lenachan, which claims are not hereby released;* and, therefore, we do hereby acquit, exonerate, release, and for ever discharge the said *John Good,* his heirs, executors and administrators of, and from all actions, suits, claims, and demands whatsoever, for, or on account of the estate of the said *Martin Bucher,* deceased, or any part thereof; and hereby agree to make no objections to the passing of said supplementary account before the Orphans' Court of said county, being fully satisfied and content therewith." The defendants also gave in evidence the administration account of *John Good* and *Ann Bucher,* passed in the Orphans' Court on the 31st of *May*, 1819, and the supplemental account referred to in the release. After the evidence thus given by the defendants, the plaintiff offered to prove, that the articles called in the inventory the distillery, came into the hands of *Ann Bucher,* the defendant. The evidence was objected to by the defendants' counsel, but the court permitted it to be given, and sealed another bill of exceptions.

(M'Lenachan and Wife, Administrators of Bucher, *v.* The Commonwealth, for the use of Bucher.)

The plaintiff afterwards offered to prove by *George Koons*, that the sum of one hundred and eighty-one dollars, credited as paid to him in the administration account of *John Good* and *Ann Bucher*, allowed by the Orphans' Court on the 31st of *May*, 1819, never had been paid to him. This evidence was likewise objected to by the counsel for the defendants, but admitted by the court, who sealed a third bill of exceptions.

The defendants then offered in evidence the account of *James M'Lenachan*, and *Ann*, his wife, for the maintenance, &c. of the minor children of *Martin Bucher*, deceased, which had been allowed by the Orphans' Court of *Lancaster* county after notice and full hearing of the guardians of said children. The evidence being objected to by the plaintiff's counsel, the court rejected it; upon which a fourth exception was taken.

After the evidence stated in the four preceding bills of exceptions had been given, and after *George Koons* had testified, that *Martin Bucher* was not indebted to him at the time of his death; that he did not know that he ever got any money from the administrators; that *Bucher* paid him about a year before his death, and had given other evidence not material; and after the defendants had read in evidence a receipt, dated the 4th of *April*, 1815, given to *Ann Bucher*, one of the administrators of *Martin Bucher*, deceased, and signed by the said *George Koons*, for one hundred and eighty-one dollars, the plaintiff offered to prove by *George Koons*, that he could not read *English*, and that he lived several years with *Ann Bucher* after her husband's death, for which he was entitled to pay. To the admission of this evidence the defendants' counsel objected, but the court overruled the objection, and this was the ground of the fifth bill of exceptions.

The evidence of both sides being closed, the following points were submitted to the court, on which they were requested to charge the jury.

The plaintiff's points:—

"1. That the writing produced by the defendants, dated the 19th of *September*, 1825, purporting to be a release, is not a full release; nor does it bar the plaintiff's right to recover his distributive share of, and in the value of two stills, hogsheads, tubs, &c. appraised in the inventory at three hundred dollars, nor does it support the plea of a release.

"2. That *Ann M'Lenachan*, formerly *Ann Bucher*, having retained in her possession the said two stills, hogsheads, tubs, &c., and used the same for some years, is bound to answer to the distributees the whole amount at which the same were appraised in the inventory.

"3. That the affirmation of *John Good* and *Ann Bucher* is no evidence of the payment of one hundred and eighty-one dollars to

(M'Lenachan and Wife, Administrators of Bucher, *v.* The Commonwealth, for the use of Bucher.)

*George Koons,* which is introduced into the first administration account."

The defendants' points:—

" 1. That the only inquiry in these suits is, respecting the personal property of the deceased, and the jury cannot enter into any inquiry relative to the real estate, or the rents of the real estate.

" 2. That the release pleaded, operates as a complete bar to the further maintainance of these actions; and the verdict must, therefore, be for the defendants."

The charge of the court to the foregoing points was as follows:—

" The court answer the *first* point of the defendants in the affirmative. In answer to the *first* point of the plaintiff, and the *second* point of the defendants, the court say, that the releases given in evidence in these cases, if fairly obtained, are a release and discharge in law, of the defendants from all demands on the part of the plaintiffs for any part of the personal estate, except the articles called in the appraisement, and in the release, the distillery; which are expressly exempted out of the operation of the release. It is the opinion of the court, that the exceptions contained in the releases, are exceptions out of the releasing covenants, and that they do not discharge the defendants from any suit for any matter contained in the said saving and excepting clause. In answer to the plaintiff's *second* point, the court say, that the inventory filed by the defendant and her co-administrator, *John Good,* is very high and satisfactory evidence, that all the goods mentioned therein, came to the hands of the administrators, and that the valuation set upon them is a fair and just one. But the court will not say, that the inventory is absolute, conclusive, and incontestable evidence of the value of the property. If the jury believe the evidence, and are of opinion that the defendant has not already accounted for the value of the articles mentioned, called the distillery, she is bound to answer for it now to the several plaintiffs in these causes, according to their several distributive shares thereof."

To this charge the counsel for the defendants excepted.

*Champneys,* for the plaintiff in error, cited, 3 *Stark.* 1751. *Dasher v. Leinaweaver,* 3 *Serg. & Rawle,* 200. *Archb. Pl.* 353, 354. *Doug.* 106. 1 *Salk.* 178. 6 *Johns.* 248.

*Hopkins,* for the defendants in error, cited, *Marriot v. Davey,* 1 *Dall.* 164. *Kohr v. Fedderhaff,* 4 *Serg. & Rawle,* 248. 6 *Johns. Ch. Rep.* 242.

The opinion of the court was delivered by

GIBSON, C. J.—In *M'Fadden v. Geddis,* decided at the last term at this place, it was determined, against the current of the former decisions, that the confirmation of an administration account is conclusive on the parties in an action at law; and although I felt my-

(M'Lenachan and Wife, Administrators of Bucher, *v.* The Commonwealth, for the use of Bucher.)

self bound by the authorities to dissent, I should be sorry to see the decision disturbed now, even if it were wrong on principle, which I do not admit. I take it, therefore, to be settled, that the confirmation of an administration account, like any other decree of the Orphans' Court, cannot be re-examined but by way of review. But may not the parties so modify the balance as to render it necessary to unravel the account, to give effect to their agreement? Here the persons beneficially entitled, had executed to one administrator, a release of every thing but certain items, or constituent parts of the estate, which were in the hands of the other administrator, and these were specially excepted. Now, such a release is valid for the same reason that a release of part of a verdict or judgment is valid. If then, it be competent to those who have released their interest in part of an estate, to reserve the benefit of what may be decreed to them in respect of the rest, it must also be competent to them to show, by extrinsic evidence, what those parts were. Here it was not proposed to open the decree, or vary the balance, but to show what part of the balance had not been released; and this was in no respect inconsistent with the conclusiveness of the account.

The release, in general terms, exonerated the defendants' co-administrator from "all actions, claims, and demands whatever, for, or on account of the estate of the said *Martin Bucher, or any part thereof;*" and hence, it is contended, that the administrators being jointly and severally bound, the bond is discharged as to both. At law, the release of one joint and several obligor, undoubtedly discharges all; but equity restrains all general and sweeping expressions which are inconsistent with the actual intention. Of this, *Kirby* v. *Taylor*, 6 *Johns. Ch.* 242, is a remarkable instance, which, in its circumstances, bear some resemblance to the case at bar. There it was held, that the release of one of three guardians, reserving the responsibility of a surety in the guardianship bond, did not discharge the surety as to the others. Now what was the intention here? Clearly, as regards particular parts of the estate, to reserve the liability of the releasee himself. Why insert an express reservation of the defendants' liability in a deed to which he is not a party, and the operative words of which, do not extend to him? The instrument was evidently drawn by a layman; and had the parties known of the rule by which the release of one obligor discharges the other, they would also have known that no reservation of theirs could frustrate it. The intention undoubtedly was, notwithstanding the sweeping words in conclusion, to reserve the excepted parts of the estate entirely from the release; and that being clear, neither the defendant nor the other administrator, was discharged.

Judgment affirmed.