## Clark *against* Callaghan.

An administrator, having settled an administration account in the orphan's court, charging himself with assets of his intestate, cannot, in an action against him by a distributee for a portion of the balance decreed to be in his hands, maintain, as a defence, that a portion of the assets were subsequently recovered from him in an adverse suit, of which the distributee had notice. The remedy is by petition of the accountant to the orphan's court for a review.

ERROR to the common pleas of *Perry* county.

This was an action of *assumpsit* in the common pleas, by Michael Donnelly, administrator of Jane Callaghan, against Robert Clark and Samuel Galbreath. The defendants were administrators of James Cairns deceased, and as such presented their administration account to the orphan's court, and it was referred to auditors, before whom the matter in dispute was, whether the administrators should be charged with the amount of a note of Robert Clark to James Cairns, the intestate, for 700 dollars, dated the 2d of November 1812. The auditors charged the accountants with it, and the account was confirmed on the 8th of August 1820, finding a balance of 2039 dollars in the hands of the accountants. To January term 1821 a suit was brought on this same note, in the name of Cairns's administrators, for the use of Sarah Galbreath, against Robert Clark, upon the allegation that James Cairns, in his lifetime, had given this note to Sarah Galbreath. Of this suit notice was given by the defendant to Jane

Callaghan and her attorney to make defence, which she declined to do. Judgment was rendered by default, execution issued, the money made and paid to the plaintiff. On the 5th of March 1827, the orphan's court granted a rule to show cause why distribution should not be made of the balance, which was served on Robert Clark, who did not appear, and the court decreed a distribution of the original balance decreed to be in the administrator's hands. It was for the amount decreed to be paid to Jane Callaghan that this suit was brought. On the trial, the defendant proved that James Cairns had, in his lifetime, given the note before mentioned to his sister, Sarah Galbreath.

The counsel of the defendants requested the court to charge the jury on the following points:

1. That the report of the auditors, and the decree of the orphan's court, thereupon, are not conclusive upon the right of Sarah Galbreath to the note for 700 dollars, and the money due thereon.

2. That she had a right, on the evidence now given, to sue for and recover the amount of that note.

3. That as she brought suit upon said note, after the decree of the orphan's court against Robert Clark, who was one of the administrators of Cairns, and against whom the amount of the note and interest had been charged as if received by him as administrator, her recovery thereof is equivalent to a recovery by a creditor of Cairns against his administrators, after settlement of their administration account: and that such recovery would be, and in this case is, a good defence against a suit by a distributee; and more particularly if Jane Callaghan had notice, both before and after suit was brought on said note, that the same would be, and was, sued for the use of Sarah Galbreath, and failed or neglected to make defence therein.

4. That if said note was a gift to Sarah Galbreath, or if it was a *donatio causa mortis*, although it might be rightfully included in the administration account, because the rights of creditors might be affected, yet as between legatees or distributees, the administrators ought not to be charged with it; and these facts may be shown in a suit by a distributee, and if proved, constitute a valid defence.

The substance of the answer of the court (Reed, president) was, that the matters contained in the administration account were conclusive, so far as to prohibit an inquiry into them in a collateral action for a distributive share; and directed the jury that the plaintiff was entitled to recover.

*Watts* and *Alexander*, for plaintiff in error, cited Groff *v.* Groff, 14 *Serg. & Rawle* 183; Snyder *v.* Snyder, 6 *Binn.* 490; 4 *Serg. & Rawle* 248; Marriot *v.* Davey, 1 *Dall.* 164; M'Cullough *v.* Montgomery, 7 *Serg. & Rawle* 31, 485; Dashers *v.* Leindweaver, 3 *Serg. & Rawle* 200; Duncan *v.* Kirkpatrick, 1 *Rawle* 292; Clark *v.* Herring, 5 *Binn.* 33.

*Carothers*, contra, cited, M'Pherson *v.* Cunliff, 11 *Serg. & Rawle* 431; Selin *v.* Snyder, 7 *Serg. & Rawle* 172; 4 *Dall.* 147; 12 *Serg. & Rawle* 171.

The opinion of the Court was delivered by

GIBSON, C. J.—In cases of legacy and distribution, the chancellor has jurisdiction, by the English law, concurrently with the spiritual court; and the account is settled in the one court or the other, according to the recourse of the claimant. But where an administrator exhibits his account in the spiritual court, without suit or citation, and merely to save the penalty of his bond, it is neither verified by his oath nor submitted to examination, except when a party in distribution voluntarily appears to contest it; and then it must be sworn to, and may be examined. A voluntary account, however, concludes none but litigants, for the reason that parties unheard are not bound, if they were not cited, or did not contumaciously refuse to appear. *Swinb.* 468; 4 *Burn's Eccl. L.* 426. Such is the English law; and it will be perceived that it differs from our own, not so much in its principles as in its forms of administration. For want of a court with specific equitable powers, the jurisdiction of the chancellor is given to our courts of law; and a common law action may be maintained for a distributive share. But a more material difference is, that the account is settled before the register in all cases, subject to further examination and confirmation by the orphan's court; and that whether the settlement be voluntary or on compulsion, the citation by the accountant, which issues, by the English practice, to the parties interested to be present at the passing of the account, is superseded in our own by the register's advertisement. On the principle of the English law, an account settled on notice, equivalent to that given by a citation, would be conclusive of the matters contained in it; yet it was not originally thought to be so here, and probably because it is always a harsh measure to affect parties with constructive notice who may have been ignorant of the whole matter. But surely one who had in fact contested the account, would, at all times, have been prevented from contesting it a second time, by that species of estoppel of which Heller *v.* Jones, 4 *Binn.* 61, furnishes an example. All supposable differences, however, have been merged in the decision of M'Fadden *v.* Geddis, 17 *Serg. & Rawle* 336, by which it was settled on principle, and with a view to establish a rule for the future, that a decree of the orphan's court, confirming an administration account, is, in all cases, conclusive of the matters contained in it, when attempted to be drawn into controversy in a collateral action; and as such, it was followed in M'Lanachan *v.* The Commonwealth, 1 *Rawle* 357. If this rule is to be broken in upon by exceptions, hard cases will not be wanting for pretexts, and we shall soon be in a state of as great uncertainty as to its extent, as we previously were as to the effect of the decree. What remains, then, is to apply it to the case before us. The ac-

count was sent by the orphan's court to auditors, before whom the main contest was, whether the accountants were chargeable with the note in question as a part of the assets. The auditors charged them with it, the report was confirmed, and distribution was decreed on the basis of it; subsequent to which, a sister of the payee, who claimed the note as a gift from him, brought suit on it in the name of his administrators, of whom the drawer was one, and recovered judgment on it, the drawer having given notice to the present plaintiff's intestate to come in and assert her right. Now, to say nothing of the incongruity, if not the illegality, of a proceeding in which the same person is both plaintiff and defendant, and which, but for the notice, would have given strong reason to suspect collusion, what is there in these circumstances to distinguish the case from any other? With the claim of the sister, the plaintiff's intestate had no concern; and she behaved discreetly in refusing to interpose. The argument is, that a recovery by a donee of the assets, after a definitive settlement, is in substance a recovery by a creditor, which entitles the administrator to contribution from the parties in succession where he has taken refunding bonds, or to retain while the estate is still in his hands. That a recovery of assets specifically in the hands of the administrator subsequent to the final settlement, would entitle him to relief, where the same title had not been adjudicated between him and the parties in distribution, I am not disposed to deny; but surely not in a collateral action. To bring order out of confusion by introducing regularity into the proceedings of the orphan's court, it would be worth the while of the judges and the profession to study, in order to follow, the practice of a kindred court. Granting the action for a legacy or distributive share to be in the place of a bill in equity, what would be the course of proceeding before a chancellor in the case indicated by the argument? A decree may not be set aside or relieved against directly by an original bill, or collaterally by another bill for the same cause, as that would make the decrees of the court seem capricious and contradictory; but the remedy is by a bill of review for error apparent on the face of the decree, or for new matter discovered since, such as a release or a receipt. 2 *Madd. Ch.* 537. In analogy to this, the remedy would be in the orphan's court, and by petition on a ground laid to review the original decree so far as might be necessary to the relief sought. Yet, without the discovery of new evidence to impugn the decedent's title, the adjudication of a fact contested at the settlement, would scarce be disturbed for the mere adverse recovery of a stranger, whose doings with the administrator would not bind the parties to the succession; and I am by no means satisfied that the defendants could have made out a case for relief in the proper court. But assuredly they cannot be relieved in a collateral action. The recovery of a debt, unknown to the administrator at the final settlement, is provided for by the act which authorizes him to require refunding bonds from the parties in distribution, to meet that contingency; and were he to part with

[Clark v. Callaghan.]

the estate without exacting them, it certainly would not admit of a question, whatever be his recourse by action for money paid by mistake, whether he could be relieved in the orphan's court on the basis of his own negligence. These are cases, not of revision to correct an inadvertence, but of contingency, for which there is distinct legal provision. The one before us is of a different stamp; and it is sufficient to say that it was properly put to the jury.

Judgment affirmed.