## (*Special Term.*)

### CONNER'S and McGREGOR'S ADMINISTRATORS v. BURD'S EXECUTORS.

A petition in the Orphans' Court under the act of 13 October, 1840, must be presented within 5 years, and is governed by the principles and rules which prevail in Chancery as to bills of recover.

If it fail to specify and point out any errors in the account, and omits to aver that the balance as found due in the hands of the Executors has not been paid out and distributed, it is defective and cannot be entertained.

Since the passage of the act of 24 February, 1834, relating to executors and administrators, an administrator or executor is only liable for the amount of assets in his hands actually received. He cannot be fixed with a devastavit without assets, and that no mispleading or lack of pleading can prejudice him or make him responsible for more money than actually collected.

A judgment against the estate of a decedent does not bind the executor or administrator personally, although he may have omitted to plead. The Orphans' Court has exclusive jurisdiction over it  Burd Executors, *v.* McGregor Administrators, 2 Grant 3 53, 365

Opinion delivered by

Pearson, J. It is unnecessary to go into the original history of the claims against the executors of Joseph Burd, deceased, which might be traced back many years and commenced between other parties, suffice it to say that Francis S. Hubley and George Patterson settled their account as executors of that estate on the 28th of July, 1841, showing a balance in their hands of $886.19, to which exceptions were filed by the devisees and creditors. It does not appear that the same were acted on for many years, but on the 25th of March, 1855, A. B. Sharpe, Esq., to whom they were referred, reported a balance against the executors of $15,296.67. To that report exceptions were filed by the executors, and the account was ultimately referred back to the same auditor, who, on the 17th of December, 1857, found the amount in their hands to be $7,000. This was reported to Court and on the 22d day of December, 1857, was finally confirmed. On the same day William M. Penrose, Esq., who was then the administrator of Rose Conner and also of Alexander McGregor, the claimants on the two judgments now in controversy, presented this petition, stating the amount of the judgments recovered by said estate against Burd's executors, the settlement of their accounts, the balance found due by the auditor, and the confirmation of his report and praying that the

sum of $7,000, in their hands might be distributed in equal portions between the two estates which he represented; these judgments being for like sums, and they the only creditors. A rule to show cause was granted and on hearing, an order was made that $3,500 should be paid by the executors on each judgment, and the record shows that the same was done accordingly and receipted by Mr. Penrose as administrator. On the 1st Sept., 1860, Harriet Burd, widow of Joseph Burd, deceased, presented her petition, stating that she was entitled to an annuity of $300 out of her husband's estate during her life, and that there was sufficient assets in the hands of his executors to pay the same, which had been in arrear for many years and praying for a citation, which was granted, served, a return made and answer filed on the 23d of Oct., 1860, in which the executors state that their accounts were settled in full in the Orphans'. Court, referred to an auditor, balance found and confirmed by the Court, and by them paid over to the creditors according to the decree. That they have no other assets in their hands. They also aver that Mrs. Burd, the petitioner, participated in those proceedings. A replication is filed by L. C. and E. C. Jordan, her executors, stating that the true balance due was $15,296.67, and not the $7,000 as paid over, and averring that the proper sum with interest is $20,421,11, which remains unadministered. It may be observed that this petition cannot be considered one for a review under the act of Oct. 13, 1840, (P. L. p. 1,) as it sets forth no error in the settlement, and fails to aver that the money is not paid over. On the 18th of December, 1860, the Court appointed John Hays, Esq., an auditor to pass upon the facts complained of in the petition, &c., who, on the 18th day of August, 1869, made his report, showing in substance the conclusiveness of the former report of 1857, and the payment of the money pursuant to the decree, which was finally confirmed on the 30th August, 1869. Pending this proceeding before Mr. Hays as auditor, to wit, on the 20th of August, 1867, a petition was presented by E. C. Jordan, executor of Mrs. Burd, and Patrick Conner, administrator of Rose Conner and Alexander McGregor, deceased, stating that the decree for paying over the $7,000 on the judgments was obtained by fraud, that the sum in the hands of Burd's executors is largely in excess of the $7,000, that the executors are applying the assets of the estate to their own use, and asking for a rule on Patterson and Hubley to show cause why the decree should not be opened and they directed to pay over the assets of the estate, in satisfaction of the petitioners claims. A rule to show cause was granted as prayed, and served on the parties. On the 4th of February, 1870, a very full answer is filed to this petition, denying the facts averred, and showing the conclusiveness of the report and numerous defects in the form of the petition, and that the same was not presented in time. Nothing further appears to have been done in this branch of the case.

It would be a waste of time and labor to cite authorities to prove that

the settlement of the account of these executors on the estate of Joseph Burd, as reported by the auditor and confirmed by the Court in 1857, was conclusive on all of these parties. They had joined in the controversy and in filing exceptions, and the two estates holding judgments, accepted the money decreed to be due. Such acts would preclude all of them even prior to the statute of Oct. 13, 1840 ; Purdon's Digest 301, pl. 173, and see Clark v. Callaghan, 2 Watts 259. Since the passage of that law there is no other remedy but by appeal within three years, or petition of review to be presented within five years. Weiting v. Nissley, 6 Barr 141, Bunting's Appeal, 4 W. & S. 469.

The petition of Mrs. Burd in 1860, was not for a review of the account as settled, but to compel payment of the legacy bequeathed by her husband's will. To this an answer was filed showing the final settlement before the auditor, and confirmation of his report, to which there was a replication averring fraud and a new promise. The whole was referred to an auditor, who reported in favor of the executors, and his report was confirmed on the 30th of August, 1869, wiihout exceptions filed or appeal taken. That claim is settled and ended. The subsequent petition of Mrs. Burd's executors and of Conner's and McGregor's administrators, presented, as may be inferred from the endorsement of the Judge, on the 20th August, 1861, is nearly five years too late. The account was finally confirmed on the report of the auditor in Dec., 1857. Taking the date of the affidavit, 22 Sept., 1865, it is almost three years out of time. The act of Assembly requires that a petition for review shall be presented within five years (see 6 Barr 141, cited above).

The errors in the account and settlement are not *specifically set forth* as required by the statute, and the Court can act on no others. The petition merely states that the executors of Burd had assets in their hands exceeding the $7,000 found due by the auditor, and that the decree was obtained by fraud. The errors complained of and the relief prayed, should be as specific as in a bill of review in a Court of Chancery, and the decree made on the auditor's report should only be opened for the reasons which would sustain a review in Equity. See Russel's administrators' appeal, 10 Casey 258; Green's appeal, 9 P. F. S. 235 ; Hartman's appeal, 12 Casey 70, and many others to the same effect. The correction can be claimed as a matter of right only for defects apparent on the face of the record, matters of law, or for new facts accruing since the decree, 9 P. P. S. 235; 12 Casey 10; 10 Casey 258, and this rule is applied to each of several partial accounts when duly confirmed. Rhoads' appeal, 3 Wright 186. It even transcends the constitutional power of the Legislature, to order a review after seven years from the time of confirmation, especially when the estate has been distributed. Baggs' appeal, 7 Wright 512. And this petition is fatally defective in failing to aver that the balance found due by the executors had not been

paid out or discharged by them as required by the statute.   See Russel's appeal, 10 C. 258.   It could not have so stated with truth, for the record showed the reverse, and that it went to the same estates represented by one of the petitioners.   The petition in this case is incurably defective, and must be rejected at the cost of the petitioners.   We come next to consider the two judgments and the execution thereon in the Court of Common Pleas.

On the 29th Sept., 1856, the administrator *d. b. n.* of Alexander McGregor and also of Rose Conner, recovered judgment against Francis S. Hubley and George Patterson, executors of Joseph Burd, for $4736.10 in each case.   The *sci· fac.* on which the judgment was recovered is in the usual form, and does not aver that assets came to the hands of Hubley and Patterson from the estate of Burd.   To this writ they plead *inter alia* that they hold no land of the deceased bound by the judgment, and have fully administered the estate of the decedent.   Plaintiff replied that they did hold lands bound, &c., and that they have not fully administered the estate of their testator.   The verdict is general for a specific sum in favor of plaintiff, nothing said about assets or a devastavit.   By the English practice this would not be a good judgment against the executors individually.   It should have found the amount of assets in their hands, and the judgment would be *de bonis testatoris si, et si non de bonis propriis.*   The execution would issue in the same form.   Prior to the passage of the act of February 24, 1834, sec. 37—Purdon's Digest, 1861, p. 289, pl. 103—a general finding in favor of the plaintiff on the pleas here presented would have been good to fix the executors for the debt, as it would import that they had goods in their hands to that amount, Geddis v. Hawk, 10 S. & R. 38 ; though Judge Gibson speaks of it as a loose practice, and that it is more usual to find assets to the amount of the debt.   Since the enactment of the law referred to, it is pretty clear that an executor or administrator would not be fixed with a devastavit by any such loose finding.   The 37th section of that act provides in substance that the omission of any executor or administrator to plead that he has fully administered the estate of the decedent, or any other matter relative to assets, shall not be deemed an admission thereof to satisfy the demand.   No mispleading, or the lack of pleading shall prejudice either party, or make the executors or administrators liable beyond the amount of assets which has in fact come into their hands.   ·When this same case was before the Supreme Court in 1857, Lewis, J., declared that "according to the construction given to the several acts of Assembly relative to the estate of decedents, a judgment in a common law action against an administrator or executor is only a judgment against the estate of the decedent.   It does not bind the executor or administrator personally, although he may have omitted to plead that he had fully administered.   Such a plea if put in is now never tried in a common law action. The Orphans' Court has exclusive jurisdiction over it."   See Burd v. McGre-

gor, 2 Grant's Cases 353-365. I am therefore of the opinion that the executors were not personally fixed for these debts, but might show in the Orphans' Court that the estate was fully administered. This was afterwards done. The cases were affirmed in the Supreme Court on the 18th May, 1857. On the 17th of the following December the auditor made his report, showing the balance in the hands of the executors, which was finally confirmed on the 22d of the same month. This settled the amount of the assets in the proper tribunal, even if the finding of the jury had established that the estate was not fully administered. The proceeding in the Orphans' Court was not *exparte* as to these plaintiffs, as they were the active litigants in the Orphans' Court throughout the whole proceeding. Besides on the sum being ascertained, the administrator of both estates came into Court by petition, claiming the money, and had awarded to him, and it was paid to each in equal parts. We consider that this would estop the representatives of these estates from averring that there was any more assets in the hands of these executors. It is not pretended that any was received subsequently. The matter so rested until writs of *scire facias* issued to revive these judgments, to Aug. Term, 1870, followed by *alias* writs to November Term, on which judgments on the 5th of December, 1870, on two returns of *nihil* against the executors PERSONALLY, as the plaintiffs appear to have understood, for an affidavit is filed stating that they, (not the decedent,) had no goods in Cumberland county on which they could be levied, and sending *testatum* writs, which were levied on their individual property. We are satisfied that since the act of 24 February, 1834, already cited, a judgment obtained in form of these by default, against executors, without pleadings or a direct assertion of assets and a *devastavit*, is not *de bonis propriis;* this more especially after a final settlement and confirmation of their accounts, after a contest waged by the same plaintiffs and an estoppel by accepting the money found due, as already stated. These writs of *testatum fi. fa.*, with the levies thereon, must be set aside at the cost of the plaintiffs. A greater difficulty arises as to the opening of the judgments. They appear to have been taken for the amount apparently due on the original after computing interest, and giving the proper credit, and had they been entered *de bonis et terris testatoris* only, we might not have disturbed them, but left them to point out the goods and lands of the deceased if any existed subject to execution. But both of the executors testify that the $7,000 was paid and accepted in full satisfaction of the two judgments, as they understood. On the other hand the plaintiff's administrator, from his actions, appears to consider that he has revived them against the executors of Burd in their individual capacity. The receipts on record would not discharge the judgments *per se*, but as already said we consider that all personal obligation of the executors was discharged by that payment under the circumstances, if any ever existed. We therefore deem it best to open these judgments and let the defendants

into a defence, as thereby both parties can get the cases fairly before the Court for trial, and also for review in the Supreme Court.

It will be ordered accordingly.

Messrs. *Samuel Hepburn, Jr., John W. Ryon* and *Hon. Samuel Hepburn* for respondents.