[No. 6,007.]

REYNOLDS ADMINISTRATOR v. BRUMAGIM.

ESTATES OF DECEASED PERSONS—ADMINISTRATOR—SETTLEMENT OF ACCOUNT. Under our system, the Probate Court has jurisdiction to settle the accounts of an administrator, and to ascertain and determine his liability to the estate; and the decree of that Court, settling the accounts and fixing the amount of liability, is conclusive. Accordingly, where the final account of an administrator, upon his resignation, was settled and approved, and he was discharged; and afterward an action was brought against him by his successor, for neglect in failing to bring suit, within the period prescribed by the Statute of Limitations, for land in the possession of adverse claimants, whereby the land was lost: *Held*, that if the defendant had incurred any liability, it was full and complete at the time of the settlement of his final account, and might then have been ascertained and determined; and that the order settling his account and discharging him was conclusive against his liability.

FINDINGS—NONSUIT.—Where the plaintiff is nonsuited, findings are not necessary; and in no event will a judgment be reversed for want of findings, unless it appears from the transcript that findings have not been waived.

APPEAL from a judgment of nonsuit, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

*James B. Townsend,* for Appellant.

The discharge of the administrator did not release him from liability for his previous acts and defaults, and does not bar the present action. (Prob. Act, §§ 100, 297; *Gladden* v. *Jones' Admr.* 1 Fla. 340, 341.)

*S. Heydenfeldt,* for Respondent.

The settlement of the final account of the defendant, as administrator, is conclusive, and bars this action. (Prob. Act, §

237.)   The defendant, as administrator, was released and discharged from his trust.   (Prob. Act, § 297.)

Department No. 2, MYRICK, J.:

T. B. McManus died intestate, January 15th, 1861.   On the 8th of August, 1864, defendant Brumagim was appointed administrator of the estate of the deceased, and received letters. August 26th, 1866, Brumagim returned and filed an inventory and appraisement of the estate of intestate, which set out a tract of land by metes and bounds, valued at $1,000, and, referring to the tract, contained the following words : " The above land is held by parties in possession, claiming to hold the same adversely to the estate."

May 1st, 1867, Isabella McManus, sister and heir of deceased, filed in the Probate Court her petition, stating the issuance of letters to Brumagim; that she had come to this State for the purpose of administering upon the estate, and to have it distributed to her as sole heir-at-law; that the property of the estate had been appraised at $1,000; that Brumagim had expressed his desire to resign his trust in order that letters might be issued to her, and had annexed thereto his resignation, and praying that letters be issued to her in the place of said Brumagim, at the same time Brumagim's resignation was filed.   On the same day Brumagim filed his account, which contained the item: " To real estate, amount as per inventory and appraisal on file, $1,000."   Afterward, on May 6th, 1867, after due notice, the Court found that no objection was made to the account, and that the administrator had accounted for all the estate that had come into his possession, and allowed, approved, and settled the account, showing a balance due Brumagim of $218.05.   On the same day the Court made an order, finding that the administrator had duly settled his accounts and delivered up the property of the estate to Isabella McManus, and accepting his resignation, and thereupon decreed him " released and discharged from his said trust, and his letters of administration are hereby vacated."

June 6th, 1867, Isabella McManus received general letters ;

and August 13th, 1867, as administratrix, commenced an action in ejectment to recover possession of the real estate referred to in the inventory. The defendants in that action, among other defenses, pleaded the Statute of Limitations. The verdict was for the defendants.

Thereupon, April 30th, 1870, the said Isabella McManus, as administratrix, commenced this action against Brumagim, alleging neglect on his part to institute proceedings to recover said real estate, and that by reason of such neglect the property had become lost to the estate, and laid the damages at $125,000. Upon the trial of the case, at the conclusion of plaintiff's evidence, defendant moved for a nonsuit, on the grounds:

1st. An administrator cannot maintain an action against a former administrator.

2nd. The order allowing the account and the order accepting the resignation and discharging defendant, released him from all liability.

3rd. The action is barred by the Statute of Limitations.

4th. That no title in T. B. McManus is proved.

5th. No negligence on the part of the defendant was proved.

The motion was granted. Plaintiff moved for a new trial, which was denied, and plaintiff appealed. Since the appeal Isabella McManus died, and Reynolds, having been appointed administrator of the estate of T. B. McManus, has been substituted in her place, and is now plaintiff.

From the view we take of the case, it is necessary to consider but one point, viz., that the order allowing the account, and the order accepting the resignation and discharging Brumagim as administrator, released him from all liability.

During the time that Brumagim was administrator, Isabella McManus frequently urged him to institute proceedings to recover the estate. He neglected to act in accordance with that request. She, being much annoyed at such omission, requested him to resign, in order that she might be appointed, and herself institute an action. In pursuance of that request, he did resign, and filed his account, which was settled and allowed, his resignation was accepted, and he was discharged. His inventory contained a reference to the property and its condition,

viz., that it was held adversely; his account also contained the
item of the appraised value of the estate.  He thus challenged
attention to the fact of the property, and that it was held ad-
versely.  No objection was made to the account, no effort to
surcharge or falsify.  She was as well aware as he that the
property was adversely held, that he had omitted to institute
proceedings, and that the Statute of Limitations was running.
There was no imposition in and about the settlement of the ac-
count.  If he incurred any liability, it was full and complete
at the time of the settlement; and she could have surcharged or
falsified the account.  The Court could in terms have settled
the account as rendered, expressly reserving all questions as to
liability for the omission now complained of.

If he had permitted the Statute of Limitations to bar a
recovery, her suit to recover the property was not needed to
establish the fact.  Under our system, the Probate Court had
jurisdiction to settle the accounts of an administrator, and to
ascertain and determine his liability to the estate; and the
decree of that Court, settling the accounts and fixing the
amount of liability, is conclusive.

Section 1637, Code of Civil Procedure (§ 237 Probate Act,
as then in force) reads: "The settlement of the account and
the allowance thereof by the court, or upon appeal, is conclu-
sive against all persons in any way interested in the estate—
saving, however," etc.  This case is not within the saving
clause.

Section 1908, Code of Civil Procedure, declares that the
judgment or order of a court, having jurisdiction as to the ad-
ministration of an estate, is conclusive.

*Tilton* v. *Tebbets*, 24 N. H. 120, was an action on a promissory
note made by defendant's intestate.  Defendant pleaded that her
accounts as administratrix had been duly settled by the Judge
of Probate, and that she had been discharged from all claims
of creditors against the estate.  Plaintiff replied that defendant
did not return a just inventory; that she had and ever since
hath had in her possession goods and chattels of the intestate
of the value of $500, which were not accounted for.  *Held*, if
the Court acts within its jurisdiction as to the subject-matter of

its decisions, as to the persons to be affected, and as to the course of proceedings prescribed for it by law, its decisions are binding and conclusive upon all parties interested. The replication was adjudged bad in substance, no fraud being charged in obtaining the settlement of account and discharge. See, also, *Clark* v. *Callaghan*, 2 Watts, 259; *Bryant* v. *Allen*, 6 N. H. 116; *Estate of Stott*, 52 Cal. 403; *Graff* v. *Mesmer*, 52 Cal. 636.

We are of opinion that Brumagim and all persons (not under disability) interested in the estate, had their day in court when the account was rendered and came on for settlement, and that the settlement thereof is conclusive, and that plaintiff cannot maintain this action.

We are asked to reverse the judgment because there are no findings. There are two answers to this, viz: 1st. It does not appear from the transcript that findings were not waived; 2nd. A nonsuit having been granted, findings were not necessary.

Judgment and order affirmed.

MORRISON, C. J., SHARPSTEIN. J., and THORNTON, J., concurred.