[No. 11760.   Department One. — July 1, 1889.]

MINNIE GORDON, RESPONDENT, v. J. M. DONA-
HUE, APPELLANT.

FINDINGS — TIME OF FILING — WAIVER — PRESUMPTIONS UPON APPEAL. —
The fact that no findings appear to have been indorsed as filed, and that
findings attached to the judgment roll bear date after the entry of judg-
ment, and follow the judgment in their position in the judgment roll, is
not ground of reversal upon appeal from the judgment. Every presump-
tion upon appeal is against error, and in favor of the regularity of the
proceedings of the court below; and in the absence of a bill of exceptions
showing non-waiver, findings must be presumed to have been waived, or
to have been filed in fact before the judgment was entered, the mere date
and position of the paper being disregarded.

ID. — PRESUMPTION OF DISCHARGE OF OFFICIAL DUTY — JUDGMENT ROLL. —
It must be presumed, in the absence of evidence to the contrary, that
the clerk in making up the judgment roll regularly performed his official
duty, and made it up within the proper time, including all papers then on
file which should have gone into it.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*E. S. Lippitt*, for Appellant.

*Theodore Bradley*, for Respondent.

GIBSON, C. — Action to recover compensation for ser-
vices as nurses, rendered to defendant by plaintiff and
two other persons, which other persons respectively
assigned their demands therefor to the plaintiff.

The case was tried before the court without a jury,
and on the twelfth day of October, 1885, judgment in
favor of plaintiff, as prayed for in her complaint, was
announced by the court and was entered on the four-
teenth day of the same month; from this judgment
the defendant appeals.

Defendant urges as the sole reason for the reversal of
the judgment that the instrument set forth in the tran-
script and denominated "findings," and bearing date

of November 11, 1885, and which date is appended
under the signature of the judge, and no indorsement
of filing appearing anywhere thereon, contains the only
findings of fact and conclusions of law that were filed
in the case, and the judgment having been entered
prior to the filing of findings of fact and conclusions of
law, the same not having been waived, is unsupported by
findings, and consequently erroneous, and that the filing
of the findings bearing date of November 11, 1885, as
aforesaid, did not and could not correct the error.

To sustain this position, defendant assumes that the
date on the face of the so-called findings under the sig-
nature of the judge and the situation of the paper in
the transcript immediately after the judgment, no other
findings appearing in the judgment roll, conclusively
shows that such paper must have been filed after the
judgment. This assumption, as will appear from what
follows, is based on an unstable foundation.

There is no bill of exceptions in the record, —nothing
by which it can be determined whether findings were
not waived, or whether the so-called findings in the rec-
ord were filed *before* or *after* the judgment was entered,
unless the mere date on the so-called findings can be
taken as *prima facie* evidence of the time the findings
were signed, on the theory that the signing or authenti-
cation of findings should precede the filing, and could
not have been filed prior to such date, which is twenty-
eight days after the entry of the judgment. The only
thing in the record showing that the paper referred to
as findings was ever filed is the certificate of the clerk to
the transcript, reciting that all the papers in the tran-
script are correct copies of the originals on file in his
office.

In *Mulcahy* v. *Glazier*, 51 Cal. 626, the court said:
" It is a well-settled rule that upon appeal taken error is
not to be presumed, but must be affirmatively shown.
Where, therefore, as here, a cause is tried by the court

without a jury, and the appeal is taken upon the judgment roll, the mere non-appearance of findings of fact in the roll does not necessarily establish that error was committed. The statute, when its several provisions are considered together, does not absolutely or unconditionally require that findings of fact shall be filed, but only that they must be filed, unless waived in some one or more of the three methods therein mentioned. Under the rule of presumption referred to, we cannot presume that no such waiver occurred; the necessary intendment, in support of the judgment, is the other way. A party, therefore, who comes here to say that the court below committed an error in failing to find the facts, must, by bill of exceptions or some other similar and appropriate method, make it affirmatively appear by the record that no waiver of findings had in fact occurred in the court below, otherwise the intendment here must go to support, and not to overthrow, the judgment rendered there." (*Smith* v. *Lawrence*, 53 Cal. 34; *Carr* v. *Cronan*, 54 Cal. 600; *Reynolds* v. *Brumagim*, 54 Cal. 254.)

Measured by the foregoing rule, the judgment should be affirmed, because if the paper referred to as the findings was not filed until after the entry of the judgment, then it must be presumed, in the absence of a showing to the contrary, that, as the clerk of the trial court was required, by section 670 of the Code of Civil Procedure, immediately after entering the judgment to make up the judgment roll, he regularly performed his official duty (Code Civ. Proc., sec. 1963, subd. 15), and made it up within the proper time, including therein all papers then on file which should have gone into it, and the paper referred to as the findings, showing merely, under the signature of the judge thereto, a date subsequent to the time when the judgment roll is presumed to have been completed, need not be regarded as a portion thereof, it then follows that, as no findings appear in the judgment roll, we must presume that they were waived.

On the other hand, if the mere date on the paper referred to as the findings, and its situation in the transcript immediately following the judgment, can be disregarded, as we think they can be on the record before us, then the intendment still is in favor of the regularity of the proceedings of the court below, and the findings must be held to have been filed before the judgment was entered. It is therefore evident that upon either aspect of the case the judgment should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.