[No. 2635. Decided November 24, 1897.]

THE CITY OF SEATTLE, *Respondent*, v. GEORGE F. WHITWORTH *et ux.*, *Appellants*.

RECORD ON APPEAL — CONSTRUCTION.

Where a record on appeal is susceptible of two constructions, owing to its indefiniteness, the appellate court will adopt that construction which will sustain the judgment of the lower court.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge. Affirmed.

*Greene, Turner & Lewis*, for appellants.

*Pratt & Riddle (John K. Brown*, of counsel), for respondent.

The opinion of the court was delivered by

Scott, C. J.—This was an action to foreclose a special assessment lien for the improvement of Fifth street in the

city of Seattle. Issues were made and a trial had, which resulted in a decree against the defendants, who have appealed therefrom. The evidence is not brought here, but the contention is that no judgment could have been rendered in favor of the plaintiff on the findings, especially the seventh finding of fact, which is as follows:

" That the improvement of Fifth street under said ordinance was duly completed and regularly accepted by the city of Seattle, and was in all respects duly and properly made in accordance with the contract under said ordinance and the charter and the ordinances of the city of Seattle then in force, and of the several requirements of the said charter and ordinances which the said plaintiff, the city of Seattle, and its several officers, duly performed and executed, except that the actual cost of said improvement was in excess of the necessary cost thereof. That the additional expense of said improvement was due to errors made by the engineer and officers of said city in the course of construction, and in the correction of such errors, but that the amount of the excess of such cost over the actual and necessary cost thereof is not determinable from the evidence."

In its fifth finding of fact the court found that the defendants' real estate was duly assessed for its proportionate part of the cost of the improvement, in the manner prescribed by law, for the sum of $210.54, and that said property was benefited by said improvement to the extent of said assessment. The assessment was made several years since, and a large amount had accumulated in the way of penalties, interest and costs, and the court found as its third conclusion of law:

" That by reason of the enlarged cost of said improvements, the specified amount of which is not determinable, the plaintiff is not entitled to recover any penalties, interest or costs of this proceeding."

The appellants contend that the amount for which the lien was decreed was not determined, and could not be de-

termined from the evidence, and as no definite amount was found chargeable against the real estate, no judgment for any sum could lawfully be rendered; and contend that they were entitled to a judgment dismissing the action.

It is not clear from the record whether the court meant to say that the amount of the increased expense of the improvement due to errors could not be determined exactly, or whether there was not sufficient proof before the court to make any definite finding thereon. It does not appear that any further evidence was offered, or that the court was asked to make a finding as to the specific amount of such extra cost. In this condition of the record we think the presumption should be in favor of the decree, and that by deducting the amount of the penalties, interest and costs, which at that time about equaled the amount of the assessment, the court determined that it was sufficient to cover the amount of such increased expense.

In Elliott's Appellate Procedure, §709, it is said, if the appellate tribunal is compelled to resort to presumptions, it will choose that which will sustain the proceedings of the trial court and reject that which would overthrow them, etc., and in section 712 it is said that "where a record is susceptible of two constructions, that construction which will sustain the judgment will be adopted." See also *Gordon v. Donahue,* 79 Cal. 501 (21 Pac. 970); *Bottorff v. Wise,* 53 Ind. 32; *Dorr v. McDonald,* 43 Minn. 458 (45 N. W. 864); *Campbell. v. Coburn,* 77 Cal. 36 (18 Pac. 860).

Were we to agree with appellants' contention to the extent that no decree could be rendered in favor of the city upon the findings made, it would not follow that the action should be dismissed, for certainly the amount of such increased expense is susceptible of proof. It could be approximately determined in any event, and enough allowed to

safely cover it, and if it were to be sent back, it would only be for the purpose of having that amount determined.

But we are of the opinion that, under the construction to be adopted from the record as it stands, there having been no request by the defendants for a finding as to the specific amount of the increased cost, or any offer of further proof upon that subject, the decree should be affirmed.

REAVIS, ANDERS, DUNBAR and GORDON, JJ., concur.