[No. 14820.  Department Two.  June 4, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v. FANNY DAUGHERTY, *Appellant*.[1]

ASSAULT AND BATTERY—SELF-DEFENSE—SUFFICIENCY OF EVIDENCE. In a prosecution for assault, where the accused could not say whether she struck the prosecuting witness or was warding off a blow when he turned after being jabbed in the back, there was no evidence of self-defense to warrant an instruction thereon.

APPEAL—REVIEW—HARMLESS ERROR—PRESUMPTION. Since error is not presumed, a remark of the court in excluding certain evidence, to the effect that the jury must "disregard all testimony," will be considered as referring to the testimony under consideration.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered December 28, 1917, upon a trial and conviction of assault. Affirmed.

*A. E. Rice* and *Gus L. Thacker,* for appellant.

*Herman Allen* and *J. H. Jahnke,* for respondent.

MACKINTOSH, J.—The appellant claims that the jury, which found her guilty of assault in the third degree, was improperly instructed. Error is assigned in the giving of an instruction upon the defense of self-defense, and the refusal to give another instruction pro-

[1] Reported in 173 Pac. 437.

posed by the appellant on the same subject. A careful reading of the record shows that the following is the only testimony referring to self-defense:

"He said, 'Damn you, you can't bluff old Morgan Hunt' [the prosecuting witness]. He started off and I gave him a jab with my gun in the back. He turned and then I guess he struck his head. . . . Mr. Hunt started to go off from me and I called his attention and asked him to please give me the note. I don't know whether I jabbed him or was warding off the lick, I was mad and excited. . . . Q. All you did was to poke Mr. Hunt in the back? A. I jabbed Mr. Hunt in the back to attract his attention. Q. You deny striking him over the head? A. I don't know. I put up my gun to ward off the lick. Q. You may have struck him with your gun over the head? A. Yes."

It was the duty of the court to determine, as a matter of law, whether sufficient proof had been introduced to warrant the submission to the jury of the defense of self-defense, and in this case the court should have determined, as a matter of law, that there had been no such evidence introduced. Therefore, the refusal of the court to give the instruction requested was not error, and the instruction which was given was harmless. *State v. Cushing,* 17 Wash. 544, 50 Pac. 512; *State v. McPhail,* 39 Wash. 199, 81 Pac. 683; *State v. Ash,* 68 Wash. 194, 122 Pac. 995, 39 L. R. A. (N. S.) 611.

The other error assigned is that the court, during the trial, used the following language: "The jury must disregard all testimony." The record discloses that this instruction or remark was made after an argument had been had in regard to the admissibility of certain evidence, and the record shows that, just prior to the making of this remark, the court had said: "In view of the objection of the prosecuting attorney . . . the objection will be sustained as to the introduction

of the proposed paper.'' Thereupon the court used the language complained of. We do not think this could have prejudiced the appellant in any way, for the court proceeded with the testimony in her behalf, and certainly we cannot presume that the jury understood the court intended it to disregard all the testimony in the case, but that the language used merely referred to the testimony which at that time was under consideration. Error is never presumed, and, on the contrary, the presumption must be that the proceedings were correct, where the record is susceptible of two constructions. *Francioli v. Brue,* 4 Wash. 124, 29 Pac. 928; *Seattle v. Whitworth,* 18 Wash. 126, 51 Pac. 345; *Carpenter v. Barry,* 26 Wash. 255, 66 Pac. 393; *Powers v. Washington Portland Cement Co.,* 79 Wash. 1, 139 Pac. 615.

The judgment is affirmed.

MAIN, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.