[Civ. No. 6446.  Second Appellate District, Division Two.—August 2, 1929.]

T. M. GULLICK, Appellant, v. INTERSTATE DRILLING COMPANY (a Corporation) et al., Respondents.

Henry M. Lee for Appellant.

Isaac Pacht, Clore Warne, Pacht, Pelton & Warne and Perry F. Backus for Respondents.

THOMPSON (IRA F.), J.—The respondents have made a motion to dismiss the appeal herein on the ground that the judgment appealed from is a nullity and on the further ground that a reversal of the judgment would be an idle act and not affect the force or finality of a judgment of nonsuit.  The pertinent facts are as follows: At the close of plaintiff's case and on October 15, 1928, the defendants and respondents made a motion for a nonsuit, which the court granted.  On October 19th the court signed a judgment which, after reciting the proceedings and that the court had after due consideration granted a motion for a nonsuit, awarded to the defendants their costs.  On the authority of *Burks* v. *Bronson*, 58 Cal. App. 143 [207 Pac. 1018], it is said by respondents that the order grant-

ing the motion is final and that the judgment subsequently signed is of no force or effect. It is to be observed that the notice of appeal refers only to the judgment signed October 19, 1928, and entered and docketed on October 22, 1928. One further condition of the record must be set down. The judgment described in the notice of appeal is the only order or judgment appearing in the judgment-roll contained in the clerk's transcript. The transcript also contains the clerk's certificate that ''the foregoing attached papers constitute the judgment roll in this action.''

In this condition of the record we must presume that the trial judge intended that the judgment which he signed should be the judgment in the case. In the case relied upon by respondents the ''order was entered on the minutes and noted in the register of actions by the clerk.'' Under the situation there recited and by virtue of subdivision 5 of section 581 of the Code of Civil Procedure it became ''effective for all purposes when so entered.'' But we are faced with a problem somewhat akin to that in *Gordon* v. *Donahue*, 79 Cal. 501 [21 Pac. 970], where we find the following language:

''Measured by the foregoing rule, the judgment should be affirmed, because if the paper referred to as the findings was not filed until after the entry of the judgment, then it must be presumed, in the absence of a showing to the contrary, that, as the clerk of the trial court was required, by section 670 of the Code of Civil Procedure, immediately after entering the judgment to make up the judgment roll, he regularly performed his official duty (Code Civ. Proc., sec. 1963, subd. 15), and made it up within the proper time, including therein all papers then on file which should have gone into it, and the paper referred to as the findings, showing merely, under the signature of the judge thereto, a date subsequent to the time when the judgment roll is presumed to have been completed, need not be regarded as a portion thereof, it then follows that, as no findings appear in the judgment roll, we must presume that they were waived.''

Or, in the absence of a showing of a minute order, at least we must assume in the words of the court in *Skaggs* v. *Taylor*, 77 Cal. App. 519 [247 Pac. 218], that the order

was "superseded by the judgment from which an appeal has been taken."

Motion denied.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 31, 1929, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 30, 1929.

All the Justices present concurred.