## SIMS et al. v. SMITH et al.

A prior locator of a mining-claim, on the bank of a stream, has the right to the use of the bed of the stream for the purpose of fluming or working his claim; and any subsequent erection, dam, or embankment, which will turn the water back upon such claim, or hinder it from being worked with flumes, or other necessary means, or appliances, is an encroachment upon the rights of said party, and he is entitled to recover the damages consequent on such obstructions.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

Sims *v.* Smith.

This was an action brought by the plaintiffs, the owners of certain mining-claims on Rabbit Creek, to recover damages for injuries caused to their claims by the flowing back of the water of the stream so as to prevent the tailings of their sluices from being carried off, caused by the erection of a dam by the defendants across the stream, at a point lower down. It appeared on trial, that the plaintiffs were the first locators. The defendants asked Lester, a witness, a question relative to the grade of descent of the river, which was not allowed to be answered, the damages consequent upon the erection of the dam, and the priority of location of the parties, having been established.

The second instruction asked for by the plaintiffs, and given by the Court, was as follows:

"If the jury believe, from the testimony, that the plaintiffs, or their predecessors, were first to locate their mining-claims, set forth in the complaint, and that they have not abandoned the same, and that the defendants have built and maintained a dam across Rabbit Creek, below, whereby the plaintiffs are hindered, delayed, and injured in the working and mining of their mining-claims, set forth in their complaint, from April, 1854, to October, 1856; then, to the extent of that injury, the plaintiffs are entitled to recover, and the jury should so find."

To which instruction defendants excepted.

The jury found a verdict for plaintiffs, and judgment was entered accordingly.

Defendants appealed.

*E. D. Baker* for Appellants.

*Dunn and Meredith* for Respondents.
No briefs on file.

Murray, C. J., delivered the opinion of the Court—Terry, J., concurring.

This case ought properly to be dismissed, as the appellant has not furnished the Court with a brief or abstract of the record, and we cannot, in reason, be expected to do the work of counsel in cases brought here on appeal. There is, however, a paper on file, which may have been intended as an assignment of errors.

The first point relied on, is the refusal of the Court to permit the witness Lester to answer the second interrogatory propounded to him. This question might have been allowed without any impropriety, but, as it is not shown that the question had any particular reference to the case, and it also appearing that the plaintiffs were the prior locators, there was no error in excluding the answer.

In fact, it was not material how high the tailings from the plaintiffs' claim would have accumulated at the defendants' dam,

as they were entitled to the use of the bed of the stream for the purpose of fluming or working their claim, and the erection of the dam was an interference with their rights.

The second instruction given by the Court is correct.   Where parties have located mining-claims upon the bank of a creek or stream, and are using the bed of said stream for the purpose of working their claims, any subsequent erection, dam, or embankment, which will turn the water back upon such claims, or hinder them from being worked with flumes, or other necessary means or appliances, is an encroachment upon the rights of said parties, and they are entitled to recover for the damages consequent on such obstruction.

Judgment affirmed.