[No. 5151.]

IN THE MATTER OF THE ESTATE OF WILLIAM STOTT.

ORDER OF PROBATE COURT. — An order of the Probate Court from which an appeal can be taken is to be treated as final, and is conclusive of the matter therein determined.

IDEM.—If such order is one settling the account of an executor, it is conclusive of the amount with which he was then chargeable.

SETTLING ACCOUNTS OF AN EXECUTOR. — If an executor mingles the funds of the estate with his own, or with the funds of a firm with which he is connected, the presumption is that such funds were used in his own business, or that of the firm, and the law makes him responsible for presumed profits upon the funds thus mingled, and he will be charged with legal interest, with annual rests, although there was no evidence of actual fraud.

| 52 | 403 |
|----|-----|
| 83 | 428 |
| 52 | 403 |
| 85 | 101 |
| 52 | 403 |
| 87 | 483 |
| 52 | 403 |
| 100 | 615 |
| 52 | 403 |
| 111 | 445 |
| 52 | 403 |
| 118 | 381 |
| 52 | 403 |
| 119 | 582 |
| 52 | 403 |
| 131 | 429 |
| 52 | 403 |
| 133 | 450 |
| 52 | 403 |
| 139 | 672 |
| 52 | 403 |
| 147 | 513 |

APPEAL from the Probate Court, City and County of San Francisco.

Upon the death of William Stott, a special administrator was appointed, whose accounts were settled on the 12th day of May, 1868, and he had in his hands the sum of nine thousand six hundred and fifty-two dollars and seventy-eight cents. On the same day his letters were vacated, and J. C. Merrill became executor of the estate, and said sum was turned over to him. May 2nd, 1869, the executor rendered a final account, in which

he stated that the balance in his hands was nine thousand four hundred and sixty-three dollars and three cents. In this account he did not charge himself with interest, nor did he mention the subject of interest. This account was settled by the Probate Court on the 13th day of May, 1869, and was approved and allowed. On the 7th of December, 1875, the executor rendered a supplementary account, in which he charged himself with a sum received for property not in the inventory, because it was not in the State of California. He also credited himself with sums paid out for taxes, attorneys' fees, etc. In this account he charged himself with a balance of eleven thousand two hundred and forty-six dollars and eighteen cents. Anna King, a legatee, contested the account. The second account did not contain any item for interest. The Court found that the executor had been, during all the time he had acted as such, a member of a mercantile house in San Francisco, which house had had accounts at various banks in the city, in which its money was deposited, and from which the money had been drawn by checks of the firm, and that the executor had mingled the money of the estate with the partnership funds in the bank accounts, and that, generally, the firm had had more money to its credit in its bank accounts than the amount of money belonging to the estate, but that on several occasions the balance was less than the estate funds, and on two occasions, in 1874, the accounts of the firm were overdrawn. It was also found that the firm was and at all times had been responsible. The contesting legatee claimed that the executor should be charged with interest from May 12th, 1868. The Court found, as a conclusion of law, that the settlement of the account of May 2nd, 1869, was not conclusive as to interest, because interest was not mentioned in it, and that the executor be charged with legal interest from the time he received the nine thousand six hundred and fifty-two dollars and seventy-eight cents, (May 12th, 1868) with annual rests as of said May 12th. The interest thus recovered amounted to nine thousand eight hundred and eighty-three dollars and sixty cents. The account was settled and approved on that basis, leaving the executor indebted to the estate in the sum of twenty thousand seven hundred and seventy-six dollars and thirteen cents. The executor appealed from the order.

*George B. Merrill,* and *J. P. Hoge,* for the Appellant.

The final account, settled May 13th, 1869, and unappealed from, was conclusive, and no testimony was admissible touching the moneys of the estate previous to said date. (Probate Act, sec. 237, Code C. P. sec. 1637; *Rhoad's Appeal,* 3 Wright, 186; *Shind's Appeal,* 7 P. F. Smith, 45; *Jacot* v. *Emmet,* 11 Paige, 142; *Rix, Admr.* v. *Heirs of Smith,* 8 Vt. 365; *Jennison* v. *Hapgood,* 7 Pick. 1; *Blount* v. *Darrach,* 4 Wash. C. C. 657.)

While in certain specified cases Courts of Equity have exercised their authority to decree the payment of interest by executors, these cases have been almost uniformly where the executors have used the funds and made profit therefrom.

That power does not exist in the Probate Court, and the facts of this case would not in any event justify the exercise of it.

Interest is not chargeable where, as is said in *Jacot* v. *Emmett,* 11 Paige, 145, " the money was kept in bank, or otherwise ready to be paid over, when called for." (*Hasler* v. *Hasler,* 1 Bradf. 252.)

" No trustee will in general be held responsible for interest upon the trust fund unless he has actually received it." (2 Redfield on Wills, 888; *Stearns* v. *Brown,* 1 Pick. 530; *Lamb* v. *Lamb,* 11 Ibid. 371; *Wyman* v. *Hubbard,* 13 Mass. 332; *Stevens* v. *Baninger,* 13 Wend. 641.)

Compound interest is not chargeable in this State, except when there is an express contract in writing. (*Crosby* v. *McDermott,* 7 Cal. 148; *Montgomery* v. *Tutt,* 11 Ibid. 316; *Doe* v. *Vallejo,* 29 Ibid. 392; *Estate of Den,* 35 Ibid. 694.)

It is expressly forbidden in all judgments by the Civil Code. (Civil Code, sec. 1920.)

*Phelan & Le Breton,* for the Respondent.

Placing the funds in bank in the name of his firm was an employment of them which renders the executor liable for interest. (2 Williams on Executors, p. 1569; 2 Redfield on Wills, 882, note 11, citing cases, *et seq.; Treves* v. *Townschend,* 1 Brown

Ch. 385; *Rocke* v. *Hart*, 11 Ves. 59, 60; *Ex parte Hilliard*, 1 Ves. Jr. 90; *Ex parte Townshend*, 15 Ves. Jr. 470.)

By mingling the trust fund with his own, he destroyed its identity, jeopardized its safety, and became guilty of a breach of trust, (*Lathrop* v. *Bampton*, 31 Cal. 21, 24; *Hagthorp* v. *Hook*, 1 Gill & J. 270; *Parker's Estate*, 64 Pa. St. 307; *Ex parte Townshend*, 15 Ves. Jr. 470); and is chargeable with interest. (*Estate of Hulbert*, 39 Cal. 600; *Estate of Gasq*, 42 Ibid. 288; *Estate of McQueen*, 44 Ibid. 589; 2 Redfield on Wills, p. 886; *Dunscomb* v. *Dunscomb*, 1 John. 508.)

By the COURT:

The order or decree of the Probate Court of May 13th, 1869, being appealable, is to be treated as final, and is conclusive of the amount with which the executor was then chargeable.

That sum and the sums he subsequently received were mingled with the funds of the firm of which the executor was a member, and must be presumed to have been employed in the business of the firm. The circumstance that there was *generally* a balance to the credit of the firm in bank cannot be considered as affecting the question. Although there is no evidence of any intended or actual fraud in the present case, yet the law will make the executor responsible for presumed profits upon the moneys so employed, and the Civil Code since January, 1873, has declared that every use or dealing with the trust property for any purpose unconnected with the trust shall be a legal fraud. (Sec. 2234.)

The general rule applicable to such cases is that the trustee shall be charged with legal interest with annual rests. (2 Redfield on Wills, 886; 2 Williams on Executors, 1670, and note.)

The cause is remanded, with direction that the order appealed from be modified in accordance with this opinion.