[L. A. No. 846. Department One. — July 25, 1901.]

In the Matter of the Estate and Guardianship of RALPH G. DOW, a Minor.

GUARDIAN AND WARD — ACCOUNT — DESIGNATION OF PROCEEDING. — An account by a guardian, rendered after his resignation, and covering a period of upwards of eight years, and which otherwise shows that it was intended as a final account, and which was settled as such, will be given the effect of such an account, as against one who appeared in the proceedings for the settlement, notwithstanding it was erroneously entitled an annual account.

ID. — COMMINGLING OF FUNDS — INTEREST. — A guardian who mingles the funds of the ward with his own, and uses them in his business, is liable, in the absence of a showing that a larger profit was realized therefrom, to legal interest thereon, compounded annually.

ID. — EVIDENCE — FINDING — APPEAL. — In the absence of the evidence, a finding, on a contest on the settlement of a guardian's account, that all the items thereof, as presented, are true and correct, must be taken as conclusive on appeal.

APPEAL from an order of the Superior Court of Los Angeles County settling the final account of a guardian. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Flint & Barker, for Appellant.

Jones & Weller, for Respondents.

VAN DYKE, J. — This appeal is taken by Clara F. Howes, executrix of the last will and testament of Felix C. Howes, deceased, from a decree settling the account of Fred C. Howes, as guardian of the estate of said Ralph G. Dow.

The said guardian, April 15, 1899, filed his account, in which he states, in his affidavit to the same, that it "contains a full, true, and particular account of all my receipts and disbursements on account of the said estate from the twenty-third day of May, 1891, to the thirteenth day of April, 1899, and of all sums of money belonging to the said estate which have come into my hands as such guardian, or which have been received by any other person, by my order or authority,

for my use." By said account a balance is found in his hands, to the credit of his ward, in the sum of $3,576.80. The appellant, as executrix of Felix C. Howes, deceased, filed objections to said account, in which it is stated that said Felix C. Howes, deceased, was one of the sureties on the bond given by the said Fred C. Howes upon qualifying as such guardian, and that he remained as such up to his death, September 14, 1898; that Fred C. Howes is insolvent, and is unable to pay the balance, shown by the said account to remain in his hands, due his ward; that said guardian, in his account, charged himself the sum of $1,628.01 as interest coming into his hands, which interest in fact never did come into his hands, and that said interest is computed with annual rests; whereas, if any interest should be charged against him, it should be no greater than simple interest on the principal sum found to be due; that said guardian had not given himself credit in his account with certain bonds, of the face value of $4,000, or more, coming into his hands as such guardian, and that said guardian invested the funds in said bonds in good faith, for the interest of his ward. After hearing upon the account and the objections thereto, the court found, among other matters, "that the said guardian invested all the money of said ward, coming into his hands, in bonds of the East Riverside Irrigation District, and stock of the North Riverside Land and Water Company; that said investments were made in bad faith, and that the guardian, at the time of said investment, did not regard said stock or bonds worth the amount of money invested therein, but relied wholly upon the representations of Felix C. Howes, now deceased, from whom such purchases were made, that he would guarantee the repayment to said guardian of all sums of money so invested by him, together with seven per cent interest per annum, compounded annually, upon all sums so invested; that, without said guaranty, verbally made, the said guardian would not have made said investment; that at the time of the appointment of said guardian, as such, up to and including the date of the death of said Felix C. Howes, to wit, on the fourteenth day of September, 1898, the said deceased was a man of large means, reputed to be worth about two hundred and fifty thousand dollars, and was the cashier of the Los Angeles National Bank, a banking institution of the city of Los Angeles, and was the uncle of said guardian, and that said guardian, during all of said time, was a paying teller of said

Los Angeles National Bank, and was subject to the directions of said Felix C. Howes, deceased; that, after receiving the moneys of said ward, the said guardian loaned the same to Felix C. Howes, upon his own individual note, bearing interest at the rate of seven per cent per annum, compounded annually; that said note was afterward repaid, not in cash, but in the bonds and stock heretofore mentioned; that at all the times after the receipt of said moneys by said guardian he could have loaned the same, upon good security, at a rate of interest exceeding seven per cent per annum, compounded annually; that all of the investments made by said guardian were made without any order of court so to do; that said guardian received interest upon said bonds up to the first day of January, 1896, and that he commingled said interest with his own funds and appropriated the same to his own use." It is further found, " that on the twenty-eighth day of April, 1899, the said Fred C. Howes resigned his trust as said guardian, and thereupon his successor was duly appointed and qualified, and the said Fred C. Howes offered to turn over to said successor said bonds, but that said successor refused to accept the same, and that afterwards the said Fred C. Howes appropriated said bonds to his own use and disposed of the same."

Appellant assigns the following as errors: —

1. That the court erred in settling the account as a final account, when it purports to be only an annual account. The code provision with reference to the accounts of guardians reads: "The guardian must, upon the expiration of a year from the time of his appointment, and as often thereafter as he may be required, present his account to the court for settlement and allowance." (Code Civ. Proc., sec. 1774.) The account in this case is headed: "Annual account of Fred C. Howes, Guardian. C. C. P., 1628." "To cash received as follows, to wit: Balance on hand, as shown by account rendered May 23, 1891, $2,549.03." Then proceeds to carry forward, to the credit of the ward, annually, the cash balances, deducting expenditures for the use of the ward, in clothing, and books for schooling, etc., leaving a balance in the hands of the guardian as already stated. From the heading of the account it is evident that it was made up upon a printed blank prepared for executors and administrators, as provided in the section of the code referred to, — to wit, Code Civ. Proc.,

sec. 1628. It would seem, however, from the heading that he had rendered an annual account as mentioned in the section with reference to guardians,—to wit, Code Civ. Proc., sec. 1774, —and that this, although designated an annual account, was really intended for a final settlement of his guardianship, and the court, in its findings in settling the same, designates it as "the final account of Fred C. Howes, as guardian of said Ralph G. Dow, a minor," and it appears, also, that, prior to the settlement of said account, said Howes had resigned his trust as guardian, and another had been appointed in his place. This, therefore, as to him and the sureties on his bond, as such guardian, was a final account. The appellant could not have been misled by the account having been called an annual account instead of a final account, nor by the fact that the notice for the settlement used the same term, for she appeared and filed a written contest, and took part in the settlement of said account. Upon its face it shows that it was not the account rendered at the expiration of one year after the appointment, and also that it was an account rendered nearly eight years thereafter. And the settlement in which appellant took part shows that it was the final settlement of the account of said guardian. The liability of the guardian to his ward was fixed by the final settlement of said account. The misnomer or misdescription of the paper filed as an account in this case is quite immaterial. In substance, it was the final account of the guardian, although miscalled "annual account," and the law respects form less than substance. It is the duty of the court to disregard any error or defect which does not affect the substantial rights of the parties. (Code Civ. Proc., sec. 475.)

2. The court did not err in not requiring the account to show the amount of money actually invested in the stocks and bonds referred to in the findings. That was not specified as one of the objections in the contest filed by the appellant. The money so paid, whatever the amount may have been, was received by the bondsmen of said guardian whose estate is represented by appellant, and it is not apparent how the failure in not showing the amount so invested can prejudice the appellant.

3. It is claimed that the court should have given the guardian credit for the shares of stock and bonds resulting from the investment of the money of the ward. The findings, however,

show that such stock and bonds were disposed of by said guardian, and the proceeds appropriated to his own use, together with the interest thereon.

4. It is claimed on the part of appellant that the court erred in charging the guardian compound interest. In *Estate of Stott*, 52 Cal. 403, the executor had mingled the funds of the estate with his own, but there was no evidence of actual profit, and it was held that he was responsible for presumed profits upon the moneys employed, " and that the general rule in such cases was, that he should be charged with legal interest, with annual rests." The same rule was held in *Estate of Clark*, 53 Cal. 359; and in *Estate of Cousins*, 111 Cal. 445, it is said: "The general rule now thoroughly well established in this state as to the limit of the liability of a trustee for mingling the trust funds with his own, and their use in his own business, where it is not shown that a larger profit was realized therefrom, is, the return of the principal, with legal interest thereon, compounded annually. This rule is applicable alike to guardians and executors, as to other trust relations."

5. It is finally claimed that the account should not have been settled, for the reason that the findings show that it does not contain a true and correct statement of the moneys of the ward received, invested, and disbursed by the guardian, and does not exhibit a true condition of the estate, but the findings are: "That all the items of debits and credits appearing in said guardian's account are true and correct; that said account is entitled to be allowed and settled "; and as conclusions of law, "that said account as presented is true and correct, and is entitled to be settled and allowed as such; that the objections of said objector are not correct, and should not be allowed "; and in the decree, "it is ordered, adjudged, and decreed that the said account be, and the same hereby is, in all respects as the same was rendered and presented for settlement, approved, allowed, and settled as and for the final account of said guardian." The evidence not having been brought up, the findings are conclusive, and they are ample to support the decree.

Decree affirmed.

Garoutte, J., and Harrison, J., concurred.