JOHN H. KIMBALL, Executor of JOHN KIMBALL, *v.* FREDERICK W. KIMBALL.

Where a proceeding is commenced by an executor, in pursuance of the provisions of section seven of chapter forty eight of the Revised Statutes, for the purpose of compelling the defendant to make a discovery, under oath, as to property of the estate in his hands, the case must be finished in the probate court, before an appeal can be taken from that court to the county court. An appeal from an order, made by the probate court in such case, that the defendant answer certain interrogatories propounded to him, is premature, and will be dismissed, on motion.

In this case, the trial having proceeded in the county court upon the propriety of the interrogatories, and the question as to the regularity of the appeal not having been raised in that court, but the appeal having been dismissed in the supreme court, no costs in the county court were allowed to either party; and as to the costs in the supreme court, the parties were left to their legal rights.

APPEAL from the court of probate. The case is sufficiently stated in the opinion of the court.

*T. P. Redfield* for complainant.

*J. Cooper* for defendant.

The opinion of the court was delivered by
· REDFIELD, J. This was an application to the probate court to cite in the defendant to make a discovery, under oath, in regard to certain property of the deceased, or what was, by the executor, claimed to be the property of the deceased. The defendant declined answering certain interrogatories propounded to him, and which the probate court decided he was bound to answer; and from this decision he claimed and was allowed an appeal to the county court. In the county court the hearing proceeded, by general consent, upon the question as to the propriety of the interrogatories,—that court deciding upon the fitness of those interrogatories, allowing some and disallowing others, and remanding the case to the probate court, with instructions to them to proceed accordingly; to which decision the plaintiff excepts, and the case has come into this court.

Kimball, Ex'r, *v.* Kimball.

Upon examination, we are clearly of opinion, that the case came prematurely into the county court, and that the appeal should not have been entertained by that court, but *dismissed.* The statute seems to contemplate, that, when a case like the present comes before the probate court, it will be *finished* in that court, in the first instance certainly, like all other cases. The strange incongruity, too, of the proceedings attempted in the present case, shows, as much as any thing could, the necessity of such a practice, as the statute seems to contemplate. If the *principle* of an appeal in the present case is sound, then it must apply to all cases, and in all forms; and if the appeal may be taken from sixteen interrogatories, then, with equal propriety, it may be taken from each separate interrogatory. And, as often as the case is remanded to the probate court, that court may, in its discretion, allow other interrogatories, and other appeals may be allowed, so long as the ingenuity of man can devise new questions, *in infinitum.* It needs no argument, to show that such a practice would become absolutely intolerable.

We must, therefore, reverse the judgment of the county court, and proceed to render such a judgment, as they should have rendered,—which is, that the appeal be dismissed. No costs are allowed, in the county court, to either party, as the question, upon which the case is here decided, was not raised in that court. We make no order in regard to costs in this court; but leave the parties to their *legal rights.*

The proceedings in the present case were instituted under the seventh or seventh and eighth sections of chapter forty eight of the Revised Statutes. In both of these sections the statute expressly provides, that, if the defendant shall refuse to disclose, or render an account, according to the order of the probate court, he may be committed by that court; and we understand the statute, as peremptorily prescribing the manner of proceeding, and that "*may*" therefore does virtually mean "*shall.*" Whether, after the case is finished in the probate court, an appeal would be of any avail to the party is not necessary now to be considered.

Judgment of the county court reversed. Judgment, that the appeal be dismissed,