HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

GEORGE W. HOBART, *apt. v.* LORENZO D. HERRICK.

*Contingent claim. Appeal. Bond.*

No appeal lies from the report of the commissioners upon a deceased person's estate that a contingent claim was presented. An appeal only lies from its allowance or disallowance.

A creditor of an estate has the right of appealing from the allowance of a claim in favor of another creditor when the administrator declines to do so. And such

declinature would probably be inferred, if no claim of the administrator to prosecute the appeal in his own behalf should be interposed.

Sufficiency and requirements of the bond to be given by the appealing creditor in such a case.

APPEAL from the report of the commissioners on the estate of Adam Hobart, jr. Their report, in reference to the claim, was in the words following.

"Lorenzo D. Herrick. Contingent claim on a bond of indem-"nity for signing note to Orange County Bank, bearing date De-"cember 6th, 1848, for $3,300. Penalty of bond, $6000. And "signing, as surety, a note above allowed, in the name of Sally "Nichols, at $180.32."

The appellant, a creditor of the estate, in taking his appeal, filed objections to the allowance of either of said claims, setting forth reasons why they should not be allowed, &c.; and, in the bond for the appeal, the condition, after setting forth the taking of the appeal, was as follows: "now, therefore, if the above bounden George "W. Hobart shall prosecute his said appeal to effect, and answer "and pay all intervening damages occasioned by said appeal, to-"gether with costs, in case the said decision be affirmed, then this "obligation to be null and void," &c.

In the county court, the appellee moved to dismiss the appeal, for the reasons following.

"1st. Because the claim of said Herrick, from the allowance of "which the said appeal is taken, is a contingent claim, from which "no appeal can be taken.

"2d. Because the said George W. Hobart is creditor, and not "administrator or executor of said estate; and has no right, by law, "to take an appeal from the allowance of said claim of such "creditor.

"3d. Because no such bond is taken for the appeal as the stat-"ute requires, in a case when a creditor is allowed to take an ap-"peal from the decision of the commissioners, in allowing the "claim of another creditor.

"4th. Because the said appeal and said bond is irregular, infor-"mal, and insufficient in other particulars."

Upon this motion, the county court, at the June Term, 1855,—

POLAND, J., presiding,—dismissed the appeal, to which the appellant excepted.

*H. Carpenter* and *P. T. Washburn* for the appellant.

The statute provides, (see Comp. Stat. p. 357, § 43,) that a contingent claim may be presented and allowed by the commissioners, or probate court; and, in either case, it becomes a judgment which fixes the *right* to a dividend out of the estate, unless appealed from. Comp. Stat. 353, § 20.

The right of a *creditor* to appeal is fully given by statute. The objection, then, is one of *form*, and not of *substance*, as to whose name shall be used. Comp. Stat. 354, § 27.

The condition of the bond taken by the probate court, in this case, is a compliance with the statute. The words are, "shall prosecute his said appeal to effect, and answer and pay all intervening damages occasioned by said appeal, together with costs." These are sufficiently broad to protect the adverse party and the estate.

*W. Hebard* for the appellee.

1. The defendant's claim, from the allowance of which the appeal is taken, is a *contingent claim*. This claim is not allowed as a debt against the estate; and, being a contingent claim, it precludes the idea of being proved, as in case it could be *proved* it would cease to be contingent; Comp. Stat. 357, § 43. This, by the statute, being a mere presentation of a claim, no decree or judgment passes upon it, from which an appeal can be taken.

2. The appeal is taken by George W. Hobart, a creditor, and not by the administrator. This can be done only when the administrator declines to appeal. Comp. Stat. 354, § 27.

3. If the appeal was properly taken by the creditor, no such bond was given as the statute requires. A bond is required as well to secure the estate from damages and costs, as to secure the intervening damages and costs to the adverse party. Comp. Stat. 354, § 27. In this case, the condition of the bond is to "answer and pay all intervening damages occasioned by said appeal, together with the costs." Whether this is intended to secure the estate from damages, or the adverse party, does not appear. It is such a sub-

stantial departure from the requirement of the statue that, for this reason, the appeal was properly dismissed.

The appeal and bond being a statutory regulation, any departure from the statute, or any omission, renders the proceeding void, as in case of a replevin bond. *Campbell* v. *Marcy*, Orange County Supreme Court, 1855.

The opinion of the court was delivered by

REDFIELD, CH. J. The question in this case, whether an appeal is allowable from the report of the commissioners of the presentation of a contingent claim, seems to us decisive of this case.

It is apparent that it was not expected these contingent claims would be allowed by the commissioners, in the first instance, and, unless allowed to the amount of $20 or more, no appeal lies.

The 45th section of the 52d chapter of the Compiled Statutes, expressly provides that, if the claims shall become absolute, and be disputed by the executor, &c., it may be proved before the same board of commissioners, or a new board, to be appointed for that purpose, " in the same manner as if presented for allowance before the commissioners had made their report." This is obviously the allowance of the claims, and the first allowance contemplated by the statute. And clearly no appeal lies, except from an allowance. For this reason, we think the appeal was correctly dismissed.

We have spent no time in regard to the other questions. The probability is, perhaps, that we might get along with the question as to the bond, by regarding it as not properly arising upon motion to dismiss, but to be brought to the notice of the court by some specific plea, and by the party interested in having the defect supplied. This bond is probably well enough, as to the creditor, being in the very words of the statute, as to the creditor appealed against, " to secure intervening damages and additional costs." But it is defective, in not containing a provision to indemnify the estate from loss. This omission will not probably render the bond void, as to creditors. And, if the estate do not choose to interfere, it is, perhaps, questionable how far the creditor can be allowed to object to the bond on account of a defect, in no way affecting his interest.

As to the right of the creditor to appeal against another creditor's

allowance, there is no doubt of its being given in terms by the statute, in case the executor or administrator declines to appeal. And if no claim was made by the executor or administrator to appeal or prosecute in his own behalf, we ought, probably, to infer that the appeal, by this creditor, was allowed because the administrator "declined to appeal."

Judgment affirmed.