MARY J. TIMOTHY AND CALVIN J..HOLDEN v. WARREN A. FARR, ADMINISTRATOR, APPELLANT.

*Probate Court. Appeal. Renewal of Commission. Notice. Statute. (Acts of* 1865, *p.* 28.)

An order of the probate court, renewing a commission on an estate, made within the time prescribed by statute, is strictly interlocutory, and one from which no appeal lies until the coming in of the commissioner's report and its acceptance by the probate court.

Any number of creditors may join in an application for renewal of such commission. The order renewing the commission should specify the creditors as to whom the commission is renewed, but the subsequent proceedings, with reference to their respective claims, should be several. The appeal having been taken directly from the order renewing the commission, joint notice of it, on creditors making the application, is proper.

The right to appeal from an order changing commissioners is taken away by statute. (Acts of 1865, p. 28.)

APPEAL from the probate court. On the 30th day of October, 1866, the plaintiffs severally presented petitions to the probate court for the district of Westminster, setting forth in their respective petitions that they each had claims against the estate of Foskett Farr, late of Jamaica, deceased, which they desired to present to the commissioners on said estate, and the reasons why they could not present them before, and praying that the commission to the commissioners on said estate be renewed and some other suitable person be appointed commissioner in place of William Hastings, who was one of the original commissioners. A hearing was had upon said petitions, upon due notice to the defendant, and an order was made in pursuance of the prayer thereof; whereupon the defendant filed an application for an appeal from said order to the county court, and the probate court ordered that said appeal be allowed and that notice thereof be given to the plaintiffs, Mary J. Timothy and Calvin J. Holden, at least twelve days previous to the term of the county court to which the appeal was taken.

In pursuance of this order, a joint notice to said Timothy and Holden, of this appeal, was issued by the probate court, and served on each of said appellees.

At the April term of the county court, 1867, BARRETT, J., presiding, the plaintiffs moved to dismiss said appeal, because

" *First,* No appeal lies from said decree of the probate court.

" *Second,* Said Calvin J. and Mary J. were improperly joined as appellees therein."

The court *pro forma* sustained the above motion to dismiss, to which the defendant excepted.

*Charles N. Davenport,* for the defendant.

The statute provides that any person interested in any order, sentence, decree or denial of any probate court, and who considers himself injured thereby, may appeal, etc. Gen. Sts., § 30, p. 374, ; Gen. Sts., § 373, p. 28. Nothing is to be presumed in favor of the jurisdiction of courts of special and limited jurisdiction, deriving all their powers from the statute. *Shumway* v. *Shumway,* 2 Vt., 339. Any person has a right to appeal who has some legal interest which may, by the decree of the court, be either enlarged or diminished, as an heir, creditor, legatee, executor or administrator. *Woodward* v. *Spear,* 10 Vt., 420 ; *Hemenway* v. *Corey,* 16 Vt , 225 ; *Sutton* v. *Sutton,* 21 Vt., 74 ; *Nimblet* v. *Chaffee,* 24 Vt., 628. And an appeal lies where the order or decree of the probate court was in reference to a matter resting in the discretion of that court. *Adams et al.* v. *Adams et al.,* 21 Vt., 162 ; *Holmes* v. *Estate of Holmes,* 26 Vt., 536 ; *Banfill* v. *Estate of Banfill,* 27 Vt., 557.

It is true, however, that the order or decree appealed from must have been one which made a final disposition of the subject matter in the probate court. Such orders and denials as are merely incidental or interlocutory are not the subject of appeal. *Adams et al.* v. *Adams et al.,* 21 Vt. 162 ; *Hodges* v. *Thacher,* 23 Vt., 455 ; *Hobart* v. *Herrick,* 28 Vt., 627. In the case at bar the decree and order appealed from was a final disposition of the subject matter before the court. The only way that the administrator could obtain a revision of the judgment of the probate court was by appeal. And the only time that he could take an appeal was within twenty days from the date of the order or de-

cree renewing the commission and removing Hastings. Gen. Sts., § 31, p. 374; *Lathrop* v. *Hitchcock*, 38 Vt., 496.

The objection that Holden and Timothy are improperly joined as appellees is not well taken.

*Hoyt H. Wheeler*, for the plaintiff.

The appeal was premature. The order renewing the commission was merely interlocutory. It was the inception of a proceeding which would not become final until the commissioners should make a report which should be accepted by the probate court. *Peck* v. *Sturges*, 11 Conn., 420; *Hodges* v. *Thacher*, 23 Vt., 455; 2 Redfield, 243.

The appellees are improperly joined; they have no joint interest in the order; their applications are separate; the action of the court depends upon the particular circumstances of each; one might be granted and the other not; and if the application of one was granted it would not authorize any action by the commissioners upon the claim of the other. Gen. Sts., § 8, p. 400.

The opinion of the court was delivered by

WILSON, J. The probate court, upon application of the appellees, who represented themselves creditors, and who had failed to present their claims to the commissioners within the time previously limited for that purpose, ordered that the commission be renewed and allowed sixty days further time for the commissioners to examine said claims and report thereon. From this order of the probate court the defendant, as administrator, appealed and carried his appeal into the county court before any report upon said claims had been made by the commissioners. Section 1 of chapter 53 of the General Statutes, provides that " where letters testamentary or of administration shall be granted by any probate court, it shall be the duty of such court to appoint two or more suitable persons to be commissioners, to receive, examine and adjust all claims and demands of all persons against the deceased, except in the following cases: *First*, where it shall appear that there are no debts existing against such person; *Second*, where the value of the whole estate shall not exceed the sum of three-

hundred dollars, and shall be assigned for the support of the widow and children, as provided by law." Section 6 of the same chapter provides that "the probate court shall allow such time as the circumstances of the case shall require for the creditors to present their claims to the commissioners for examination and allowance, which time shall not in the first instance exceed eighteen months, nor be less than six months, and the time shall be stated in the commission." Section 7 provides that the probate court may extend the time allowed to creditors to present their claims as the circumstances of the case may require ; but not so that the whole time shall exceed two years. Section 8 of that chapter provides, among other things, that on the application of a creditor, who has failed to present his claim, if made within six months after the expiration of the time previously limited, and such application shall be made before the final settlement of the estate, the court may, *for good cause shown*, renew the commission and allow further time, not exceeding three months, for the commissioners to examine such claims, and they shall, as soon as may be, make return of their doings to the probate court. The case does not show, nor is it claimed that the application for renewal of the commission was not made within six months from the time previously limited, nor is it claimed that it was not made before the final settlement of the estate ; we must, therefore, assume that it was made within the time prescribed by the statute, and that the subject matter of the application was legally before that court. The language of the statute, "*the court may, for good cause shown, renew the commission and allow further time*," clearly implies that, when the application is seasonably made, the order of the court, renewing such commission and allowing further time, is a matter of discretion. Section 30 of chapter 48 of the General Statutes provides that "any person interested in any order, sentence, decree or denial of any probate court, who considers himself injured thereby, may appeal therefrom to the county court." It is, however, well settled law in this state, that the order, sentence, decree, or denial appealed from must have been one which made a final disposition of the subject matter before the probate court.

*Adams* v. *Adams*, 21 Vt., 162 ; *Hodges* v. *Thacher*, 23 Vt., 455 ; *Hobert* v. *Herrick*, 28 Vt., 627.

The subject matter before the probate court in this case upon that application was not limited to the mere question whether the commission should or should not be renewed, but it embraced the claims on which the application for a renewal of the commission was founded, and the order, renewing the commission, was the inception of the regular statutory proceedings for the purpose of allowing or disallowing the claims which the order allowed the claimants to present, and those claims were the principal subject matter before the probate court. The order renewing the commission was strictly interlocutory, from which no appeal lies until the coming in of the commissioner's report and its acceptance by the probate court. Such order of the probate court is analagous to an interlocutory judgment of the county court appointing an auditor, and to an order of reference or other interlocutory order in a suit in chancery. In a suit at law, if the parties wish to save any questions of law decided by the county court on any interlocutory judgment which does not make a final disposition of the cause in that court, they except to the opinion or judgment of the court, and have the exceptions allowed and filed, and if the final judgment is against the party excepting to such interlocutory judgment, the cause can then pass to the supreme court for revision of all rulings and judgments of the court below, to which exception had been taken. In chancery either party may assign error in an interlocutory order or decree, as well as in the final order or decree in the cause, and in such case, upon such order or decree of the court of chancery being brought by appeal from the final order or decree of that court to the supreme court, the court will examine all errors that shall be assigned or found in such interlocutory or final order or decree, and affirm, reverse, or alter such order or decree as justice shall require. But no civil cause can come regularly before this court, from the county court, or court of chancery, until a final judgment or decree is rendered or made therein by the court that allowed the exceptions or granted the appeal. In the settlement of estates in the probate court, the parties or persons interested therein, who wish to save any ques-

tion of law decided by that court on any interlocutory order or decree, are not required to take or have allowed, at the time of making of such order or decree, any written or formal exceptions thereto ; but they can object to the making of an order or decree by the probate court, even though it be an order or decree which would not finally dispose of the matter before that court, and if that court proceed and make the order or decree objected to, there can be no legal or practical difficulty, under our statute, in allowing the question or matter involved in such interlocutory order or decree, to be reserved until the matter has been finally disposed of in that court, and then to pass, by appeal, the question or matter objected to and reserved as part of the adjudication under the final order and decree of that court in the premises. The interlocutory orders and decrees are a part of the proceedings on which the validity or invalidity of the final order or decree depends, and an appeal, from the main question adjudicated under the final order or decree, takes with it all interlocutory questions and orders thereon, and the whole is subject to revision on appeal. The statute gives the right of appeal, if application therefor be made within twenty days from the date of the decision appealed from. In case of appeal from the decision and report of commissioners, the date of the decision of the probate court accepting their report is regarded as the commencement of the twenty days within which that court has power to grant such appeal. 23 Vt., 455 ; 33 Vt., 558. The decree of the probate court, accepting the report of commissioners, is not confined to the question whether their report is regular upon its face, but it is a decree in favor of all the previous proceedings and orders under which the commissioners acted, and on which the validity of their report, and the final decree thereon, rest. So far, therefore, as the right of appeal is concerned, the date of the decision accepting the report must also be regarded as the commencement of the twenty days within which that court has power to grant an appeal from an interlocutory order which did not make a final disposition of the matter in that court. If, in the present case, the commissioners allow the claim in question and the probate court accept their report, then an appeal from their report would carry before the

county court all questions touching the validity of the order renewing said commission, and the subsequent proceedings under it. It is scarcely necessary to remark that where the probate court deny the application of a creditor for the appointment of commissioners or renewal of their commission, as provided by law, such denial of the probate court would finally dispose of the subject matter before that court, and from such order or denial an appeal could be taken. It will be observed that the right to appeal from an order changing commissioners is taken away by the statute of 1865.

II. It is claimed by the appellees that they are improperly joined in the order and notice of the appeal, but we think the objection is not well taken. The applications for renewal of the commission are several, but any number of creditors may join in an application for renewal of such commission. The order renewing the commission should, and in this case it does, specify the creditors as to whom the commission is renewed; but the subsequent proceedings, with reference to the merits of their respective claims, should be several. The appeal having been taken directly from the order renewing the commission, joint notice of it is well enough. We are of opinion that the appeal taken was premature, and for this reason it was correctly dismissed. The judgment of the county court is affirmed.