## LEACH *v.* LEACH'S EXECUTOR.

### *Appeal from Probate Court.*

The widow of E. petitioned the Probate Court for an order, directing E's executor to
make a full and true inventory of the estate, alleging that he had neglected to do so
and was conspiring with divers persons to defraud her out of her rights in the estate.
An order was made that certain *choses in action* and money be added to the inven-
tory, from which the executor appealed. The appeal was dismissed on motion.
*Held*, that whether the executor had merely neglected to make such inventory, or
had made personal claim to the property not inventoried, the order was not an ad-
judication of his rights as between himself and the estate, and that the appeal was
properly dismissed.

APPEAL from an order of the Probate Court for the district of
Fair Haven, made on petition of Rosina S. Leach, ordering the
defendant, executor of the last will of Ebenezer Leach, to add
certain property to the inventory of the testator's estate.

The petition, which was presented September 25, 1876, alleged
that the petitioner was the widow of Ebenezer Leach, that the de-
fendant, John Leach, was the executor of his last will ; that the
defendant had neglected to make and file in said court a full and
true inventory of the estate of the testator, as by law required ;
and was conspiring with divers persons to defraud the petitioner
out of her rights in the estate ; and prayed that defendant might
be required to make and file such inventory, and for further relief.
The Probate Court thereupon ordered addition to be made to the
inventory, of certain bonds, mortgage notes, and cash deposits, to
the amount of $19,700 ; and from that order the defendant ap-
pealed.

At the March Term, 1877, the petitioner moved to dismiss the
appeal, for that the order was not a final order of the Probate

Court; and the court, POWERS, J., presiding, granted the motion, and dismissed the appeal; to which the defendant excepted.

*W. G. Veazey*, for the petitioner.

The order was not a final order, because not a final disposition of the matter before the court. It was simply an order to add certain items to the inventory — not a final adjudication that the executor should be chargeable with those items. The order was literally and legally interlocutory; and an appeal was not necessary to protect anybody's rights. *Timothy* v. *Farr*, 42 Vt. 43; *Hodges* v. *Thacher*, 23 Vt. 455.

*Fayette Potter*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. "Any person interested in any order, sentence, decree or denial of any Probate Court, who considers himself injured thereby, may appeal therefrom," &c. Gen. Sts. c. 48, s. 30. "In analogy to all our statute provisions relating to appeals from an inferior to a superior court, the order, sentence, decree or denial from which an appeal is to be taken, must, doubtless, be a final one; that is to say, it must be a final disposition of the subject-matter before the court,"— said in *Adams* v. *Adams*, 21 Vt. 165.

The decisive question in this case is, whether the order appealed from was final, in the sense just expressed. Whether thus final or not depends upon the effect of the order as an adjudication of the personal rights of the executor in his relation to the estate as between himself and the estate. The claim and complaint against him were, that he had failed and neglected to make and file a true and full inventory, &c., and was conspiring with others to defraud the petitioner out of her rights in said estate. Upon the petition in that behalf, the order was made that the specified additions should be made to the inventory. The record before this court does not show whether the ground of the order was composed of both matters of complaint or only the former, viz., neglect to make and file a true and full inventory. The order implies that such

neglect had occurred, whether the other matter of complaint and charge had occurred or not. 'Such neglect would be sufficient ground and occasion for making the order.

If that action of the Probate Court embraced and adjudicated nothing but the alleged neglect, it might properly be regarded as not concluding or affecting any lawful interest of the executor as by a definitive adjudication, but only enforcing him to the performance of an incidental official duty that he had neglected, leaving all matters of personal right, as between him and the estate, open for question and judgment in due course of administration and winding up.

But if, in point of fact, the reason of the alleged neglect was a claim by the executor that the items of property and assets in question were his property, and not the property of the estate, and the assertion of that claim by him, and the denial of it in behalf of the estate, constituted the issue tried by the Probate Court upon that petition, and decided and adjudged by that order, it would suggest for consideration, whether that adjudication would not conclude the question of property against the executor.

The conclusiveness of judgments and orders from which appeal may be taken, if not appealed from, is well understood. It is well stated by PHELPS, J., in *Rix* v. *Smith*, 8 Vt. 365 : " It is a general rule that the decision of a court of competent jurisdiction, unappealed from and not reversed, is conclusive between all parties to the proceeding upon the subject-matter of the adjudication ; and this rule holds as well in reference to the decrees of the Probate Court as those of any other."

The statute, c. 52, s. 1, requires that the executor or administrator " shall make and return a true inventory of the real estate, and of all the goods, chattels, rights, and credits of the deceased which shall have come to his possession or knowledge," &c. Though the returning of an inventory as thus required, would indicate, as *evidence* against an administrator or executor that he was not, and the estate was, the owner of the property named in it, still, it would not be binding, like a judgment, nor by way of estoppel. Such inventory is subject to correction from time to time ; and how far the executor or administrator is chargeable for

the property returned, is subject to inquiry and final adjudication upon the closing up of his official accounts.

In *Adams* v. *Adams*, 22 Vt. 50, a bill in chancery in aid and supplement of the Probate Court, as to one ground of complaint, the 24th in the analysis, REDFIELD, J., says : " So far as it is a charge of not making an inventory and appraisal of the *choses in action*, is of no importance in any court. It is seldom done in the Probate Court, and whether done or not, is of little importance." But when the matter is made the subject of special order upon complaint, citation, and hearing in the Probate Court, such order would, at first sight, seem to have the complexion of an adjudication of rights asserted, and denied and litigated.

When, however, it is considered that the proceeding is not *inter partes*, viz., between the estate on the one hand and the executor or administrator on the other, but is instituted by the court at the instance and on the complaint, not of a representative of the estate, but of some person interested in the estate, and so there could not be that mutuality and reciprocal operation of the judgment that is necessary, except in case of judgments *in rem ;* and when it is further considered that the practical purpose of an inventory is only to bring the property, in its various kinds and classes, to the attention of the court as the subject of due investigation and appropriation in the course of legitimate administration ; and when it is further considered that in the final result the administrator or executor may be charged with any, and all, of the property of the estate for purposes of administration, whether it is inventoried or not, — there seems to be no substantial reason for holding such order to be other than interlocutory, leaving questions of title and right as between the executor or administrator on the one hand, and the estate on the other, subject to final adjudication in the accounting at the closing up of the administration, the same as when the inventory is made without any order, or when no inventory is made or called for till the account is presented for settlement.

We think this is the proper view to be taken, having reference to the importance of having estates closed as expeditiously as may be, with due regard to the rights involved. It is easy to be seen

that if appeal could be taken from such an order, in many cases it would be easy to keep estates unsettled for undefinable and incalculable periods.

Judgment dismissing appeal affirmed, and certified to Probate Court.