ROSINA S. LEACH v. EXECUTOR OF EBENEZER LEACH.*

*Appeal from Order of Probate Court. Gen. Sts. c. 48, s. 30. Gen. Sts. c. 49, s. 29.*

Although s. 30, c. 48, Gen. Sts., is in its terms broad enough to cover an order of allowance made agreeably to s. 29, c. 49, for the maintenance of a widow and her minor children during the settlement of the estate, yet, as such an allowance is necessary for the immediate and continuing support of the widow, &c., such an order is within the discretion of the Probate Court, and conclusive.

APPEAL from orders of the Probate Court for the district of Fair Haven, made on petitions of Rosina S. Leach, ordering the defendant, executor of the last will of her husband, Ebenezer Leach, to pay her certain sums and allow her the use of certain property for the support of herself and her family during the settlement of the estate. There were two petitions and two orders, and an appeal from each order; and the appeals were to be heard together as one case.

The first order directed the executor to pay the petitioner $12 per month during the settlement of the estate, to allow her the use of the homestead and eighteen acres of land, and to pay her $50 within a month to defray her expenses in procuring the allowance; the second, directed him to pay her $18 per month in addition.

* Decided at the January Term, 1878.

At the March Term, 1877, the petitioner moved to dismiss the appeals, for that the orders appealed from were not final orders ; and the court, POWERS, J., presiding, granted the motion, and dismissed the appeals ; to which the defendant excepted.

*W. G. Veazey*, for the petitioner.

The widow and children had a right to a reasonable allowance. Gen. Sts. c. 49, s. 29, c. 51, s. 1.	There is nothing to indicate any violation of the discretionary power vested in the court.

The right of appeal would render the humane provision of the statute inoperative.

The orders were not final.	They would come up for review in the proceedings for distribution of the estate.

If it appears from the record that the appeal should have been dismissed for any cause, the judgment should be affirmed, whether the cause assigned in the motion was sufficient or not.

*Fayette Potter*, for the defendant.

An appeal lies, although the matter to which the orders related rested in the discretion of the Probate Court.	Gen. Sts. c. 48, s. 30 ; *Adams* v. *Adams*, 21 Vt. 162.

The orders were final.	They differed from the orders in *Hodges* v. *Thacher*, 23 Vt. 455, and *Hobart* v. *Herrick*, 28 Vt. 627.	See *Holden* v. *Farr*, 42 Vt. 43 ; *State* v. *McKown*, 21 Vt. 503 ; and *Lathrop* v. *Hitchcock*, 38 Vt. 496.

The opinion of the court was delivered by

BARRETT, J.	This is an appeal from an order of an allowance to the widow for maintenance during the progress of the settlement of the estate, as provided in s. 29, c. 49, Gen. Sts.	The terms of the statute as to appeals, s. 30, c. 48, Gen. Sts., are broad enough, and apt enough in signification, to cover this case. The order is a final one, from the nature of it, and contemplates present and irreversible execution.	It appropriates the assets and property of the estate for present and current use and consumption, without return from anybody, in any form or manner.

It is now before this court for the first time to be determined

56

whether such allowance by the Probate Court is within the meaning and operation of the said provision for appeals.   That is to be determined in view of all in the statutes that bears upon the subject.   The object of the provision is to serve a present and unavoidable necessity—a necessity that springs at once from the death of the husband and father, by reason of the effect of such death upon the property rights involved in his estate.   Food and clothing and shelter are as necessary, and the necessity for them is quite as pressing, upon and after the death of the head of the family, as while he was alive and was furnishing them out of his means as matter of legal duty.   That duty ceases with his life, and that provision ceases, so far as any lawful appropriation of, or charge upon, his property is concerned, except in the manner provided by the law.   Section 29, above referred to, constitutes the means by which lawful appropriation may be made to serve the existing and continuing necessity.   The language of it is, " and the Probate Court may make such reasonable allowance as may be judged necessary for expenses of maintenance, &c.   Somebody, some officer, some department of official function, must be charged with the authority and the duty of making such allowance, or the family would be without means of present and continuing support during the process of settling the estate, and otherwise appropriating the property of the estate according to the laws governing that subject.

If the making of the allowance, as provided for in said section 29, is the subject of appeal, such appeal would defeat the very purpose for which the section was enacted, — so that, with reference to such purpose, the Legislature would have to be regarded as having left the bereft family at the mercy of whosoever might, by reason of interest in the estate, be interested to prevent the property of the estate, to the utmost possible, from going away from their own pockets, — which, in frequent cases, would result in destitution and suffering, although the property of the estate should be ample for answering to existing wants and necessities.

It is a matter of great moment upon the construction and operation of the statute that this is the first instance of an appeal taken and prosecuted from such an allowance within the knowledge of

any member of this court. If such appeal had been supposed by anybody to be allowable, it is strange that it should have waited so long for the first one to spring up with a claim for it. If such appeal had been heretofore taken, prosecuted, and maintained by this court, it seems certain that the next Legislature would have prevented the repetition of it by special prohibition. If we are mistaken in our view, the next Legislature can set the matter right. It seems to us that the Legislature, by the very nature of the occasion for the provision, and by the provision made in section 29, before cited, and by the corresponding provision in case of intestate estates, c, 51, s. 1, designed to vest the Probate Court with discretion to be exercised in such way as to serve the exigency without right of appeal — which appeal, in many cases, to every useful intent, would make the provision *felo. de se.* It would be but reasonable confidence to trust that such men as should be selected for such office would have both sufficient sense, and proper disposition, to act properly, having reference to all interests to be served and affected by their action in that respect. If, in any instance, a man of that kind should fail to be selected, it would furnish a marked opportunity and occasion for the freemen to remedy their mistake by trying, at the next election, to find the right man for such a position and service.

*Judgment affirmed.*