### FOSTER FELTON v. EDWARD A. SOWLES.

### H. E. LEWIS AND A. P. CROSS v. SAME.

*Probate Court, Order of not Appealable, when. Executor. Trustee. Bond. R. L. ss. 2067, 2284.*

When one is both executor and trustee, and by the will is not required to execute a bond, the Probate Court under the statute,—R. L. ss. 2067, 2284,—if deemed proper from a subsequent change of the executor's circumstances, can order him to give a bond; *and such order is not appealable* to the County Court.

APPEAL from the Probate Court, September Term, 1884. ROYCE, Ch. J., presiding. Motion to dismiss the appeal overruled.

*Cross & Start* and *Wilson & Hall,* for the petitioners, cited on the question of appeal, R. L. ss. 2067, 2278, 2284; *Leach* v. *Leach,* 50 Vt. 618; *Leach* v. *Leach,* 51 Vt. 440; *Kimball* v. *Kimball,* 19 Vt. 579.

*E. A. Sowles, pro se,* cited on the question of appeal, *Johnson* v. *Williams,* 48 Vt. 565; *Hilliard* v. *McDaniels,* 48 Vt. 122; *Holmes* v. *Holmes,* 26 Vt. 536; *Adams* v. *Adams,* 21 Vt. 162.

The opinion of the court was delivered by

TAFT, J. The question is made by the appellees, on their motion to dismiss the appeal. The appellant was appointed executor of the will of Hiram Bellows, and under the statute gave his individual bond for the payment of the legacies under the will. He was also appointed trustee of a fund for the benefit of St. Luke's Church, and gave a similar bond as trustee. The will provided that his in-

dividual bond should alone be taken. The appellees in the first case, being legatees and in the latter, representatives of the church, petitioned the Probate Court, representing that there had been a change in the circumstances of the executor and trustee subsequent to his appointment; and also, in case of the church, a mingling of the trust funds with his own, and asking, that under sections of R. L. 2067 and 2284, he should be required to execute to the court a bond with the usual conditions. Answer was made; and upon hearing the court ordered the appellee, for the reasons stated in the petition, to furnish a bond, with surety, in each case conditioned as prayed for in the petition. An appeal was taken by the executor and trustee; and upon its entry in the County Court a motion to dismiss was filed by the appellants, for the reason that the order was one from which no appeal would lie. The County Court overruled the motion, and heard the case; and it is before us on exceptions. The first question argued is the one above stated. No appeal lies from any order of the Probate Court, unless given by statute. The section relating to appeals is 2270, R. L., which reads: " A person interested in an order, sentence, decree or denial of a Probate Court who considers himself injured thereby may, except as otherwise provided by law, appeal therefrom to the County Court." Was the order in this case such a one as is contemplated by the section? It is well settled law in this State that the order must have been one which made a final disposition of the subject matter. *Timothy* v. *Farr*, 42 Vt. 43. And it was held in the same case that an appeal would not lie from an order renewing the commission of claims; nor in *Hodges* v. *Thacher*, 23 Vt. 455, from one refusing to accept and record the report of commissioners; nor that an administrator ought to render an account, in *French* v. *Winser*, 24 Vt. 402; and there are other similar cases. In *Leach* v. *Leach*, 51 Vt. 440, this court held that an order of allowance for the maintenance

of the widow and children could not be appealed from. In the latter case the order appropriated the property of the estate, disposed of it absolutely, and might have exhausted it all; yet the court held the action of the Probate Court could not be appealed from. In the cases at bar, the order made did not require the appropriation of a dollar, did not affect the assets of the estate in the least, but was calculated to preserve the estate for the purposes designed by the testator; and if the executor could delay the case by an appeal, he might defeat the important object which the statute was designed to effect. The matter of giving a bond with surety in cases like those at bar, is not, in the respect of an appeal, different from the ordinary case of an administrator or executor. It is simply the exercise of such a power as the court of probate should be entrusted with, in order to properly administer the law relating to the settlement of estates. We think the order in question was one from which no appeal should be allowed. The objection made by the appellees appears sufficiently from the copies of appeal. The disposition of this question renders it unnecessary to examine the ones arising upon trial.

Judgment reversed, appeal dismissed, and cause ordered certified to the Probate Court.