## NELSON O. WILCOX *v.* SILAS R. WILCOX.

*Appeal from Probate Court. That a guardian account·not a final order. Jurisdiction.*

1. The statute only permits an appeal from a *final* order or decree of the Probate Court.
2. An order directing a petitionee to account as the guardian of the petitioner is not a final order and no appeal can be taken from it.
3. Where such an appeal has been taken to and heard by the County Court, a judgment rendered therein by that court will be reversed by the Supreme Court, although no objection was made by either party to the entertaining of the appeal in the County Court. That court should have dismissed the appeal of its own motion.

This was an appeal from an order of the Probate Court for the district of Bennington. Heard upon petition and answer at the December term, 1889, Bennington county, Tyler, J., presiding. Judgment that the petitionee is the guardian of the petitioner and that he account as such. Exceptions by the petitionee. The point decided appears in the opinion.

*W. B. Sheldon,* for the petitionee.

*Batchelder & Bates,* and *J. C. Baker,* for the petitioner.

The order to account was an interlocutory, not a final one, and the County Court should have dismissed the appeal *sua sponte. Kimball* v. *Kimball,* 19 Vt. 579; *Adams* v. *Adams,* 21 Vt. 162; *French* v. *Winsor,* 24 Vt. 402; *Timothy* v. *Farr,* 42 Vt. 43; *Felton* v. *Sowles,* 57 Vt. 382; *Leach* v. *Leach,* 50 Vt. 618.

The opinion of the court was delivered by·

MUNSON, J.　This is an appeal from the Probate Court for the District of Bennington, and arises upon a petition brought to that court by Nelson O. Wilcox, who therein represented that Silas R. Wilcox had been his guardian by appointment of said court, and prayed that he be required to render and settle his guardian account.　The petitionee refused to account, claiming that he had never received an appointment as guardian of the petitioner, nor acted as such.　The Probate Court made an order requiring the petitionee to account as guardian of the petitioner. An appeal was allowed from this order, and the issue was tried in the County Court, where judgment was rendered that the petitionee is guardian of the petitioner and that he account. Exceptions were thereupon taken, and the cause passed to this court before final judgment.

The case was improperly in the County Court, and is therefore improperly here.　The order of the Probate Court was not a final disposition of the subject matter of the petition, but was only preliminary to further proceedings.　Having found that the petitionee was guardian, the court should have proceeded to the settlement of his account.　The matter must be thus finally disposed of before an appeal can be taken.　An appeal from the final decree will bring up the questions involved in this preliminary order.　No earlier review can be had, for it is only from a final order, decree or denial of the Probate Court that the statute permits an appeal.　This point was not made in the County Court, but the court should have dismissed the appeal of its own motion. *Kimball* v. *Kimball*, 19 Vt. 579 ; *Adams* v. *Adams*, 21 Vt. 162 ; *French* v. *Winsor*, 24 Vt. 402; *Leach* v. *Leach*, 50 Vt. 618 ; *Felton* v. *Sowles*, 57 Vt. 382.

*Judgment reversed, appeal dismissed, to be certified, etc. Neither party to have costs in the County Court.*

Royce, Ch. J., did not sit because of illness.