EDWIN C. WHITE'S ADMR. *v.* LIZZIE A. WHITE.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed December 9, 1916.

*Probate Courts—Reopening of Commission—"Due Hearing"—Notice—Question Raised on Appeal from Report of Commissioners.*

The words "due hearing," as used in No. 72, Acts 1908, providing that the probate court may, upon the petition of a creditor who has failed to present his claim to the commissioners of the estate of a deceased person, "after due hearing had thereon" reopen the commission, mean a judicial examination according to the re-

quirements of law and justice, whereof all persons interested have notice and an opportunity to be heard.

Where the petition of a creditor to renew a commission upon the estate of a deceased person, was granted by the probate court without notice to the administrator of the estate or to any other person interested, the petition was granted without "due hearing" thereon, within the meaning of No. 72, Acts 1908, and the act of the probate court (it being a court of special and limited jurisdiction having statutory authority only) in this respect was without authority of law and void; and consequently the whole proceedings had before the commission under such unauthorized renewal were *coram non judice* and void.

The question of the validity of an order of the probate court, renewing the commission upon the estate of a deceased person, upon petition of a creditor under No. 72, Acts 1908, is properly brought before the county court by an appeal from the report of the commissioners.

APPEAL by the administrator of the estate of Edwin C. White from the report of the commissioners in said estate allowing the claim of Lizzie A. White. Heard at the December Term, 1915, Lamoille County, *Fish*, J., presiding, upon the appellant's motion to dismiss the proceedings. Motion to dismiss sustained. Exception by the claimant.

The agreed statement of facts showed that commissioners were duly appointed on the estate of Edwin C. White and filed their report with the probate court for the District of Lamoille according to law; that, thereafter, the appellee, Lizzie A. White, addressed a petition to the probate court, prayed that the commission should be renewed, in accordance with the provisions of section 2821 P. S., as amended by No. 72 of the Laws of 1908; that no notice was given by the probate court of the pendency of such petition to the appellant either personally or as administrator; that the probate court renewed the commission and the commissioners thereupon notified the appellant that on a given day a hearing would be had before them upon the claim of Lizzie A. White; that the appellant did not appear at the hearing, and the commissioners allowed the claim. The appellant thereupon appealed to the county court.

V. A. *Bullard,* Rufus E. *Brown* and W. B. C. *Stickney* for the appellant.

The order of renewal was void. *Robinson* v. *Robinson,* 1 D. Chip. 357; *Corliss* v. *Corliss,* 8 Vt. 373, 389-390.

"The probate court does not proceed according to the course of the common law; but has a special and limited jurisdiction given by statute; and if it appear on the face of the proceedings that it has proceeded in a manner prohibited, or not authorized by law, its orders and decrees are absolutely void, and may be treated as a nullity." *Hendrick* v. *Cleveland,* 2 Vt. 329; *Smith* v. *Rice,* 11 Mass. 507; *Hunt* v. *Hapgood,* 4 Mass. 117; *Sumner* v. *Parker,* 7 Mass. 79; *Probate Court* v. *Winch,* 57 Vt. 282, 284.

The appeal from the report of the commissioners brings to the county court all questions touching the validity of the order renewing the commission and the subsequent proceedings under it to be considered by that court in the order in which they are submitted. *Timothy et al.* v. *Farr,* 42 Vt. 43.

F. G. *Fleetwood,* M. P. *Maurice* and J. W. *Redmond* for the appellee.

Even if notice of the petition to renew the commission was required, the want thereof was cured by the general appearance of the appellant in county court. *Kelley* v. *Paris,* 10 Vt. 261; *Weed Sewing Machine Co.* v. *Boutelle,* 56 Vt. 570; *Cort* v. *Sheldon,* 1 Tyl. 351; *Spaulding* v. *Swift,* 18 Vt. 214; *Blood* v. *Crandall,* 28 Vt. 396; *Scott* v. *Niles,* 40 Vt. 573; *Johnson* v. *Bennington and North Adams Street Ry. Co.,* 87 Vt. 519.

WATSON, J.   Under the provisions of section 2821 of the Public Statutes, before the amendment mentioned below, on application of a creditor who had failed to present his claim to the commissioners to receive, examine, and adjust claims and demands presented against a deceased person, made within the time limited, the probate court, "for cause shown," could renew the commission and allow a further time for the commissioners to examine the claim.   This section was amended by No. 72, Acts of 1908, in several respects; but the only change material to the matters before us, was the dropping out of the

statute the words, "for cause shown," and inserting in lieu thereof the words, "after due hearing had thereon," that is, on the petition. So the controlling question in this case is: What is the meaning of the words "due hearing," as used in the amendment?

Those words as there used, mean a judicial examination according to the requirements of law and justice, whereof all persons interested have notice and an opportunity to be heard. See *In re Allen*, 82 Vt. 365, 73 Atl. 1078, 26 L. R. A. (N. S.) 232; *Corliss* v. *Corliss*, 8 Vt. 373.

In the case at bar the appellee's petition to the probate court for a renewal of the commission, was granted by that court without any notice of the pendency of the petition to the administrator of the estate, or to any other person interested so far as appears. This was granting the petition without "due hearing" thereon, within the meaning of the statute, and the act of the probate court (it being a court of special and limited jurisdiction having statutory authority only) in this respect was without authority of law and void. Consequently the whole proceedings had before the commission under such unauthorized renewal, were *coram non judice*, and void. *Walbridge* v. *Hall*, 3 Vt. 114; *Barrett* v. *Crane*, 16 Vt. 246.

It is contended by the appellee that the order renewing the commission was strictly interlocutory, from which no appeal lies. This question was expressly considered, and determined in *Timothy* v. *Farr*, 42 Vt. 43. It is enough to say that, according to the ruling there made, the question of the validity of the order was properly brought before the county court by the appeal from the report of the commissioners.

*Judgment affirmed. To be certified to the probate court.*