HENRY D. FILLMORE, ADMR. OF THE ESTATE OF MASON C. MORGAN
*v.* ESTATE OF WILLIAM R. MORGAN, FANNY T. MORGAN,
ADMX., APT.

October Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ

Opinion filed December 27, 1919.

*Appeal from Order of Probate Court Renewing Commission on Estate—Want of Jurisdiction—Court Will Dismiss on Own Motion.*

No appeal lies under G. L. 3455 from an order of a probate court renewing a commission on an estate on a petition filed for that purpose in accordance with the provisions of P. S. 2821, as amended by Acts of 1908, No. 72 (G. L. 3295).

It is not necessary to formally raise the jurisdictional question in a motion to dismiss an appeal from an interlocutory order of a probate court from which no appeal lies, since, when it discovers that it does not have jurisdiction, the court will dismiss the cause at any stage, whether moved by a party or not.

APPEAL from an order of the Probate Court for the District of Bennington renewing the commission on the estate of William R. Morgan. Heard on the appellee's motion to dismiss the appeal at the December Term, 1915, Bennington County, *Butler*, J., presiding. From an order dismissing the appeal the appellant excepted. The opinion states the case.

*Holden & Healy* and *Batchelder & Bates* for the appellant.

*W. B. Sheldon* for the appellee.

SLACK, J. The appellee, as administrator of the estate of Mason C. Morgan, filed a petition in the probate court for the district of Bennington, wherein the estate of William R. Morgan was then in the process of settlement, for the purpose of having the commission thereon renewed, in accordance with the provisions of P. S. 2821, as amended by Acts of 1908, No. 72, so that he might present a claim for the estate of Mason C. "Upon hearing," to quote from the appellant's brief, that court, by its order dated September 10, 1915, renewed the commission as prayed for by the appellee. From this order the appellant appealed to the Bennington county court. Her appeal was entered October 20, 1915. On January 26, 1916, the appellee filed a motion to dismiss the appeal "upon the grounds and for the reasons apparent upon the face of the record." The motion was granted and the appeal dismissed, to which the appellant excepted.

The only question for consideration is whether the court erred in dismissing the appeal.

The order from which the appeal was taken was an interlocutory one from which no appeal lies. *Timothy* v. *Farr*, 42 Vt. 43; *Leach* v. *Leach*, 51 Vt. 440; *Felton* v. *Sowles*, 57 Vt. 382; *Wilcox* v. *Wilcox*, 63 Vt. 137, 21 Atl. 423. The appellant's contention that the addition of the words, "except as otherwise provided," to G. S. chap. 48, § 30, in force when *Timothy* v. *Farr* was decided, P. S. 2973 (G. L. 3455), enlarged the scope of this statute so that now an appeal lies from *every* order of the probate court, when the law does not provide otherwise, is without merit. The two cases last cited, both decided since the change referred to, were dismissed because the order appealed from was not a *final order.* Besides, the holding in *Timothy* v. *Farr* received the attention, and apparent approval, of this Court in *White's Admr.*

v. *White,* 91 Vt. 74, 99 Atl. 305.    It is clear from the foregoing that the county court did not have jurisdiction of this case.

But the appellant insists that the motion should have been denied because it was not seasonably filed, and because it did not point out more specifically the grounds relied upon.    It is not necessary, however, that jurisdictional questions like the one under consideration should be formally raised, or brought to the attention of the court at any particular time.    When it discovers that it does not have jurisdiction, the court will dismiss the cause, at any stage, whether moved by a party or not. *Miner's Exrx.* v. *Shanasy,* 92 Vt. 110, 102 Atl. 480; *Sanders* v. *Pierce,* 68 Vt. 468, 35 Atl. 377; *Wilcox* v. *Wilcox, supra.*    See also *Page* v. *Page's Admr.,* 91 Vt. 188, 99 Atl. 780.

The appeal not being properly before us we have no occasion to, and have not, considered the other questions raised by the appellant.

*Judgment affirmed, to be certified to the probate court.*